**Doris JOHNSON**

v.

**2ND NATIONAL FUND CORP.**

**Civ. A. No. 79–1349.**

United States District Court,
E. D. Pennsylvania.

June 19, 1981.

Eric L. Frank, Community Legal Services, Inc., Philadelphia, Pa., for Doris Johnson.

Sheldon C. Jelin, Wollman & Tracey, Philadelphia, Pa., for 2nd Nat. Fund Corp.

## MEMORANDUM

GILES, District Judge.

Before the court is plaintiff's motion for attorney fees in accordance with provisions of the Truth-in-Lending Act. 15 U.S.C.A. § 1640(a)(3). As the prevailing party, plaintiff is entitled to receive a reasonable attorney's fee as determined by the court. Defendant contends that an award of attorney fees is not appropriate because plaintiff was represented by Community Legal Services (CLS). Furthermore, defendant contests the amount of time plaintiff's attorneys claim to have spent on the case and challenges their hourly rates.

Defendant's contentions are rejected and plaintiff's motion for the award of attorney fees shall be granted.

### I. Entitlement to Attorney Fees

The fact that plaintiff's attorneys were from CLS does not affect the award of attorney fees. In *Manning v. Princeton Consumer Discount Co.*, 533 F.2d 102 (3d Cir. 1976), the court stated that attorney fees as provided for in the Truth-in-Lending Act may be awarded although counsel is from a legal services office. Defendant cites *Engle v. Shapert Construction Co.*, 443 F.Supp. 1383 (M.D.Pa.1978), as support for his contention that plaintiff should not receive attorney fees because she was represented by CLS. There, the court declined to award attorney fees to a plaintiff who was represented by CLS in a claim under the Act because the most culpable party in the disputed transaction was defendant's agent whose whereabouts were unknown. The court thought it unjust to further penalize defendant for the acts of his agent. *Id.* at 1389. A different situation exists here. The defendant, not his agent, violated the Act. Furthermore, *Lindy Bros. Builders v. American Radiator & Sanitary Corp.*, 487 F.2d 161 (3d Cir. 1973), held that "in awarding attorney fees, the district judge is empowered to exercise his informed discretion." *Id.* at 166.

Defendant asserts that *Dzadovsky v. Lyons Ford Sales, Inc.*, 452 F.Supp. 606 (W.D.Pa.1978), aff'd, 593 F.2d 538 (3d Cir. 1979), supports the proposition that plaintiff is not entitled to attorney fees. In *Dzadovsky*, plaintiff sued for damages including attorney fees because the disclosure statement in her automobile finance agreement contained alleged technical inaccuracies. The plaintiff, however, made no claim of actually being deceived or injured by the alleged errors. The court refused to award finance charges or attorney fees because there was only a technical violation of the Act and, therefore, damages were deemed inappropriate.[1] *Id.* at 607–08. In this case, there was a substantive violation of the Act, not a technical one.

Defendant's reliance upon *Smith v. South Side Loan Co.*, 567 F.2d 306 (5th Cir. 1978), is likewise misplaced. There, plaintiff settled the case while an appeal was pending and dismissed her attorney who had been retained on a contingency fee basis. On his own initiative, the attorney continued the

[1.] The plaintiff herein, however, never received from defendant notice of her right to rescind the finance agreement at a future date. Furthermore, when plaintiff notified defendant of her desire to terminate the agreement, defendant resisted her right to rescind.

suit. Subsequently, the court found he had no standing to proceed with the action. The case here represents a totally different situation because the plaintiff through her attorneys prosecuted this action.

For the reasons stated above, plaintiff is entitled to an award of reasonable attorney fees.

## II. *Determination of Attorney Fees*

■ The court must determine the reasonable value of the services performed by plaintiff's attorneys. In *Lindy, supra,* the Third Circuit reviewed whether the amount of attorney fees awarded by the district court following a successful plumbing fixture anti-trust suit was proper. The court then established guidelines to aid the district court in determining the proper compensation for attorney's fees.

First, the trial court must compute the "lodestar" figure which consists of the attorney's hourly rate times the hours that he spent on the case. *Id.* at 167–68. In computing the lodestar figure, the appropriate amount for counsel's fee when a party is represented by CLS is a reasonable hourly rate. This rate should be comparable to salaries earned by private attorneys with similar experience and expertise. *Rodriguez v. Taylor,* 569 F.2d 1231 (3d Cir. 1977), *cert. denied,* 436 U.S. 913, 98 S.Ct. 2254, 56 L.Ed.2d 414 (1978). In response to the *Rodriguez* decision, CLS adopted an hourly fee schedule for staff attorneys based upon a survey of area practitioners. The fee schedule is tied to the job classification of the attorney.

In 1979 when plaintiff's counsel, Eric Frank, Esquire, spent 56.75 hours working on the case he was classified as an Attorney III in the $60.00–$75.00 range. For those hours, he is requesting a $75.00 per hour rate. In 1980 and 1981 when he expended 12.25 hours he was classified as Attorney IV in the $75.00–$95.00 range; for those, he is requesting $85.00 per hour.

In 1979 Bruce Fox, Esquire, spent 4.5 hours on work related to the case. His classification was "Senior Attorney" and the salary range for that position was $75.00–$125.00. He is requesting $90.00 per hour.

Defendant disputes the rate of pay that Frank has requested but does not contest the fee for Fox. Defendant's contention that Frank should receive a lower fee because he is a young attorney is without merit. Defendant's reliance upon *Postow v. Oriental Building Association,* 455 F.Supp. 781 (D.D.C.1978), *aff'd on relevant grounds,* 637 F.2d 1370 (D.C.Cir. 1980), is utterly misplaced. In *Postow* the plaintiff was seeking the same hourly rate for both the partner who was in charge of the case and the young attorney with only two years of experience whose hours represented two-thirds of the total number of hours claimed. However, in the case at bar both attorneys billed their hours separately at the rate which was applicable for each one. In fact, the bulk of hours are charged to the attorney with the lower hourly fee. Furthermore, in *Postow* the affidavits disclosed a partner and associate relationship with the senior attorney reviewing the work of his associate. *Id.* at 789. In the present case, there is no indication of the existence of a partner-associate relationship. Consequently, the hourly rates requested by plaintiff's attorneys constitute reasonable fees.

After calculating the lodestar figure, the trial court must then take into account two other factors in computing the value of an attorney's services. The first factor comes into play only when the plaintiff's attorney is operating under a contingent fee arrangement and therefore is inapplicable to the case at bar. The second factor is the extent to which the quality of the attorney's work mandates increasing or decreasing the lodestar figure. *Lindy,* 487 F.2d at 168. In evaluating the attorney's work, the court must consider the complexity and novelty of the issues presented, the quality of work the judge has been able to observe, and the amount of recovery obtained. *Id.*

In the present case, defendant contends that the amount of time plaintiff's attorneys spent on the case was excessive considering the simplicity of the issues presented. This contention is without merit. Although the issues in the case were neither novel nor complex, the quality of the legal work was high and reflects the skill level

implied by the hourly rate on which the petition is based. Having reviewed the time charges, the court concludes that the number of hours devoted to the matter was reasonable. Consequently, the lodestar figure shall remain unchanged.

Additionally, defendant argues that the amount of attorney fees requested, $5,702.50, is disproportionate to the amount of the award, $2,136.76, and thus should be reduced. This contention is also without merit. In *Mirabal v. General Motors Acceptance Corp.*, 576 F.2d 729 (7th Cir. 1978), the court stated that "to grant attorney's fees greatly in excess of a client's recovery requires strong support from the circumstances of the particular case." *Id.* at 730. Given the low amounts generally recoverable under the Act, it is not that surprising that an attorney's fee will be considerably larger than the damages awarded. In *Starks v. Orleans Motors, Inc.*, 372 F.Supp. 928 (E.D.La.), *aff'd mem.*, 500 F.2d 1182 (5th Cir. 1974), the court found that an attorney fee of $2,000 was not unreasonable although the plaintiff's recovery was $644.56. *See also Gillard v. Aetna Finance Co.*, 414 F.Supp. 737 (E.D.La.1976) (damages of $635, fee award of $1400); *Meyers v. Clearview Dodge Sales, Inc.*, 384 F.Supp. 722 (E.D.La.1974) (damages of $1,000, fee award of $3,000), *aff'd on relevant grounds,* 539 F.2d 511 (5th Cir. 1976), *cert. denied,* 431 U.S. 929, 97 S.Ct. 2633, 53 L.Ed.2d 245 (1977); *Liberty Loan Corp. v. Boyajian (In re Dunne),* 407 F.Supp. 308 (D.R.I.1976) (damages of $1,000, fee award of $1,700); *Pedro v. Pacific Plan,* 393 F.Supp. 315 (N.D.Cal.1975) (damages of $750, fee award of $3,000). Here, the court finds that the time expended was required by the circumstances of the litigation and is not disproportionate to the true value of the verdict which also includes a release of lien against plaintiff's property.

For the foregoing reasons, an order for counsel fees shall be entered in the amount of $5,702.50.