## Gardner v. Clark

*Jerome M. Feinberg,* for plaintiff.
*Alan M. White,* for defendant.

WILSON, *J.,* January 14, 1985—On January 7, 1980, defendant, Ann Clark's home was sold at a sheriff sale by petition of Phillip Palmer[1]. On July 3, 1980 plaintiffs, Dennis Weismer and Stephen Greenstein, using the name of James Gardner[2] filed an action to quiet title in order to evict Mrs. Clark who was separated from her husband. Community Legal Services, Inc., counsel for Mrs. Clark, filed an answer and new matter to the complaint averring that plaintiffs violated Act 6 of 1974, 41 P.S. §401-506 because they executed on a confessed judgment without filing a complaint or sending the 30 day notice. They requested that the deed and plaintiffs' title be declared void. Thereafter, Mrs. Clark's counsel filed a motion for summary judgment stating her defenses pursuant to Act 6.

The judgment underlying the sheriff's sale which plaintiffs claim title on was entered in June, 1966 as a judgment by confession. The judgment was enterd as a result of a default on a car loan by defendant and her husband. Public Acceptance Corporation was the holder of the judgment and in

---

1. A stipulation signed by counsel for both parties in April, 1984 stated that Phillip Palmer is a straw name used at one time by Dennis Weismer and Stephen Greenstein doing business as Commonwealth Mortgage Company, Philadelphia, Pa.

2. The aforementioned stipulation also agreed that James Gardner is a straw name used by Dennis Weismer and Stephen Greenstein doing business as Commonwealth Mortgage Company.

1971 its interest was assigned to Phillip Palmer.

The record states that writs of revival were filed in 1971, 1976 and 1979. On December 6, 1979, Commonwealth Mortgage Company filed an order for judgment and assessment of damages and a praecipe for a writ of execution. The docket entries reveal that no complaint was ever filed prior to plaintiffs filing of a writ of execution in 1979.

On May 25, 1984, Mrs. Clark's counsel filed a motion for summary judgment averring that plaintiffs' sheriff's deed be voided on the grounds that plaintiffs failed to comply with Act 6 of 1974, 41 P.S. §§403, 404. Subsequently, on or about June 21, 1984, plaintiffs voluntarily filed an order to discontinue the action to quiet title.

On August 20, 1984, defendant's counsel petitioned for reasonable attorney fees. Counsel fees of $1,830 were granted by this court on October 25, 1984.

Plaintiffs' counsel contends that defendant's counsel, Community Legal Services, Inc., should not be awarded attorney fees as their client did not prevail in the action. Defendant counters and avers that plaintiffs were compelled to discontinue the action in face of its motion for summary judgment and as the prevailing party, defendant is entitled to an award of reasonable attorney fees pursuant to 41 P.S. §§407(b) and 505(a).

Section 407 provides:

(b) Any debtor who prevails in any action to remove, suspend or enforce a judgment entered by confession shall be entitled to recover reasonable attorney's fees and costs as determined by the court. 41 P.S., §407(b).

Section 503 provides:

(a) If a borrower or debtor, including but not limited to a residential mortgage debtor, prevails in

an action arising under this Act, he shall recover the aggregate amount of costs and expenses determined by the court to have been reasonably incurred on his behalf in connection with the prosecution of such action, together with a reasonable amount of attorney's fees.

Although there is no Pennsylvania case law interpreting the aforementioned sections, the Third Circuit has decided a number of cases on attorney fees pursuant to the Consumer Credit Protection Act, 15 U.S.C. §1601 et seq. The provisions and purposes of the statute are on point with Pennsylvania's Act 6.

In both of the aforementioned statutes attorney's fees are allowed where a consumer prevails. Both statutes also mandate and provide factors to be considered by the court in determining the reasonable amount of fees to be awarded. Federal law permits a prevailing consumer an award of attorney fees when the consumer is represented by Community Legal Services. See Manning v. Princeton Consumer Discount Co., 533 F.2d 102 (3rd Cir. 1976); Johnson v. Second National Fund Corp., 515 F. Supp. 1380 (E.D., Pa. 1981).

This case has been active for nearly four years. Defendant's attorney only seeks compensation for the substantive work such as pleadings, discovery, negotiations and motions.

Section 503 outlines the factors a court may consider in determining the reasonable amount of attorney's fees. They are:

"1. The time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the case.

2. The customary charges of the members of the bar for similar services.

3. The amount involved in the controversy and the benefits resulting to the client or clients from the services.

4. The contingency or the certainty of the compensation."

In determining the reasonable attorney's fees awarded in this matter, this court has considered the standards outlined in the act and we find the fees to be reasonable and fair.

First, the court determines the "lodestar" figure which is the attorney's hourly rate times the number of hours expended on the case. Lindy Bros. Builders v. American Radiator & Sanitary Corp., 487 F.2d 161, 167-68, (3rd Cir. 1971). This rate should be comparable with the rates earned by private practioners with similar experience and expertise in the field. Rodriquez v. Taylor, 569 F.2d 1231 (3rd Cir. 1977). Cert. denied, 436 U.S. 913, 98 S. Ct. 2254, 56 L.Ed.2d 414 (1978).

Defendant's counsel, Alan M. White, Esq., spent 22 hours working on this case and his hourly rate has been determined to be $60.00[3] Richard J. Friedman, Esq., spent three hours on the case in 1980 and his hourly rate was $90 at that time. Eric L. Frank, Esq. spent two hours on the case and his hourly rate is $105. The total monies requested by Community Legal Services is $1,830 which this court finds reasonable in light of the work done.

Accordingly, this court awards defendant's counsel attorney fees in the amount of $1,830.

---

3. The hourly rates for each attorney is predetermined by Community Legal Services, Inc. Attorney's Fee Committee in response to Rodriquez, supra, the Community Legal Services Board of Trustees, composed primarily of attorneys representing all segments of the Philadelphia Bar, adopted a procedure for determining fees.