538 F.2d 295
 Samuel HINKLE and Joan Hinkle, Appellants,
v.
ROCK SPRINGS NATIONAL BANK, a Bank Corporation chartered
under the United States banking statutes, and Adams Sales,
Incorporated, a Wyoming Corporation; Stockholders, Officers,
Managers and Agents of the above Defendants, Individually,
and in their official capacities, Appellees.
 No. 75-1552.
 United States Court of Appeals,
Tenth Circuit.
 Argued and Submitted April 12, 1976.
Decided July 12, 1976.
 
 Juan L. DeHerrera and Philip P. Whynott, Cheyenne, Wyo. (Bernard Q. Phelan, Cheyenne, Wyo., with them on the brief), for appellants.
 Gary M. Greenhalgh, Rock Springs, Wyo., for appellee, Rock Springs National Bank.
 Before HILL, SETH and DOYLE, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 The transaction here concerned was one within the Truth in Lending Act, 15 U.S.C. § 1601 et seq. There was one obvious failure to disclose matters required to be disclosed by the Act and under Regulation Z of the Federal Reserve Board. The sales agreement form either did not provide for some required entries, or if it did, no entries were made, and about all it did contain was the total amount to be financed.
 
 
 2
 Thus the only real question remaining is who is liable under the Act. The limitation issue was decided in the previous appeal (Stevens v. Rock Springs Nat'l Bank, 497 F.2d 307 (10th Cir.)), and no further consideration thereof seems necessary.
 
 
 3
 This action was brought against the Bank and Adams Sales. The record shows that Adams, as seller of the mobile home, used sales agreement forms provided by the defendant Bank, but Adams had much of the information which should have been included in the disclosures, as contemplated by the forms and otherwise. It appears that there was some sort of a continuing business relationship between Adams and the Bank. There was testimony that Adams relied on the Bank for guidance on meeting various legal requirements. It also appears that the plaintiffs had previous dealings with the Bank.
 
 
 4
 As to the Bank, it also was to provide information necessary for the completion of the disclosure requirements. It was to provide the interest rate upon which, of course, other computations basic to the cost of credit depended, including the amount of the installments and the total finance charges. Adams apparently did not have the interest rate at the time he negotiated with the plaintiffs. The fact that the seller, Adams, could have made inquiry to determine it, and make the computations, makes no difference in view of the fact it did not do so. The Bank was the payee of the installment note later executed by the plaintiffs, and delivered by Adams to the Bank.
 
 
 5
 It is apparent that Adams and the Bank each hid information required to be disclosed. Under the broad definitions in Regulation Z both were to be treated as creditors under the Act. The Regulation contemplates the existence of multiple creditors. It defines a "creditor" as ". . . a person who in the ordinary course of business regularly extends or arranges for the extension of consumer credit, or offers to extend or arrange for the extension of such credit . . ." 12 CFR § 226.2(s). Here Adams and the Bank both had a duty under the Act, and both failed to meet it. See Garza v. Chicago Health Clubs, Inc., 347 F.Supp. 955 (D.C.Ill.) and Meyers v. Clearview Dodge Sales, Inc., 384 F.Supp. 722 (D.C.La.). Regulation Z contemplates that when there are several "creditors" they each shall be responsible for disclosures which are within the scope of its relationship with the consumer. 12 CFR § 226.6(d) and of data they possess.
 
 
 6
 The Bank seeks to advance the unintentional violation defense or good-faith efforts to comply. See the broad considerations of the defense in Thrift Funds of Baton Rouge, Inc. v. Jones, 274 So.2d 150 (La.), and in Welmaker v. W. T. Grant Co., 365 F.Supp. 531 (N.D.Ga.). Other courts have construed the good-faith defense to apply only to mistakes of a clerical or mathematical nature. Ratner v. Chemical Bank New York Trust Co., 329 F.Supp. 270 (S.D.N.Y.). Palmer v. Wilson, 502 F.2d 860 (9th Cir.) and Ives v. W. T. Grant Co., 522 F.2d 749 (2nd Cir.).
 
 
 7
 The record before us shows only a complete failure to disclose. There were no clerical errors, and no misunderstanding of the requirements of the Act was shown. We cannot hold that good-faith or "procedures reasonably adopted to avoid any such error" as a defense can be here advanced.
 
 
 8
 The Act is clear as to the recovery where a violation is established as it provides for an amount equal to twice the finance charge, but not to exceed One Thousand Dollars. The Act also provides for the recovery of " reasonable attorney fees". It is apparent that no showing of actual damages is required and instead the recovery is fixed by statute. 15 U.S.C. § 1640(a)(3). See Redhouse v. Quality Ford Sales, Inc., 10 Cir., 511 F.2d 230 and rehearing at 523 F.2d 1 (10th Cir.)
 
 
 9
 Also the Act provides only for a single recovery, no provision is made for multiple recoveries, and the disclosures need only be made to one of several purchasers. Regulation Z. The courts which have considered the issue hold multiple creditors jointly liable. Philbeck v. Timmers Chev., Inc.,361 F.Supp. 1255 (D.C.Ga.) (reversed on other grounds 499 F.2d 971 (5th Cir.)). See also Meyers v. Clearview Dodge Sales, Inc., 384 F.Supp. 928 (D.C.La.).
 
 
 10
 A pendent claim is advanced by the plaintiffs based on the Wyoming Statute, 40-2-403 (2-403 of the UCCC). This states that negotiable promissory notes shall not be used in transactions such as this. The wording of the section, together with the sanctions therein provided, demonstrate that an instrument so used remains a valid promissory note, and under most circumstances it remains negotiable. Roy M. Circle v. Jim Walter Homes, 535 F.2d 583 (10th Cir.). Here the note was taken by Adams, and it was payable to the bank which obviously knew the origin of the instrument. Nothing in the record shows the note not to be valid. The matter of the state law penalty asserted in this pendent claim (Hanraty v. Ostertag, 470 F.2d 1096 (10th Cir.)) was not considered by the trial court. Also it was not determined whether the note initially was a negotiable note. The validity of the note is considered here also in view of the bank's counterclaim.
 
 
 11
 Appellee Bank's counterclaim for the debt, and its repossession of the mobile home, which served as collateral for the note, is controlled by the Wyoming Uniform Commercial Code, W.S.1957, §§ 34-1-101 through 34-10-105, particularly Article 9, which deals with secured transactions. Upon default, the debtor has certain rights which create certain duties for the secured party which cannot be waived or varied except as provided by the provisions of the Article. See § 34-9-501 et seq.
 
 
 12
 Specifically, under the Code, a secured party in possession after default may retain the collateral in satisfaction of the debt, § 34-9-505. That section establishes a procedure to be followed if such retention is intended. Otherwise, the collateral must be disposed of in accordance with § 34-9-504. And if the secured party fails to comply with these provisions, it may be ordered to do so. § 34-9-507, other sections and statutes may also be applicable.
 
 
 13
 The trial court granted Bank's counterclaim, but apparently did not apply this state law. Since the parties only argued the jurisdictional issue involved in this counterclaim on appeal, the issues presented by these Code provisions were not discussed. There is no prohibition against counterclaims in actions such as this.
 
 
 14
 All classes of credit transactions in the State of Wyoming have been declared exempt from the disclosure requirements of the Act by the Federal Reserve Board under the authority granted it in § 1633. See 12 CFR § 226.12 Supplement III(f), effective Nov. 6, 1972. This exemption serves to replace the federal requirements with those set forth in the Wyoming Uniform Consumer Credit Code (§§ 40-2-301, 302), which are almost identical. Further, that exemption by its own terms does not exempt state transactions from the civil liability provision of the federal Act, but rather makes exception for that remedy. This would seem to also protect the concurrent jurisdiction created in the federal Act. See 12 CFR § 226.12(c). Federal courts in Connecticut, a state where credit transactions have been exempted from the federal Act like those in Wyoming, have considered the validity of the Board's exception and have concluded such is within the power granted the Board by the Act. See Ives v. W. T. Grant Co., 522 F.2d 749 (2nd Cir., 1975) and Whitman v. The Connecticut Bank and Trust Company, 400 F.Supp. 1341 (D.C.Conn.,1975). Here, where the Wyoming disclosure provisions require the seller to disclose to the credit consumer ". . . the information required by either this part or the Federal Consumer Credit Protection Act . . .", the state and federal requirements are the same. See § 40-2-301(2), W.S.A., 1975 Cumulative Supplement. Thus the action remains one in which federal courts have subject matter jurisdiction, but there is but one cause of action and thus but one recovery for a non-disclosure.
 
 
 15
 The case must be and is reversed and remanded in accordance with this opinion. On remand, in addition, the court should consider and resolve the state law penalty claim relating to the use of the note if it was negotiable; it should determine reasonable attorney fees and costs; and the counterclaim-repossession matters.
 
 
 16
 Reversed and remanded.