PER CURIAM.
Seymour F. Cotton, Jr., appeals from three orders of the district court denying relief on his claims brought pursuant to 42 U.S.C.^ 1983. We affirm.
Cotton is a state prisoner currently incarcerated in the Cummins Unit of the Arkansas Department of Corrections pursuant to a 1973 conviction for armed robbery. The three § 1983 petitions at issue here were filed in 1973 and 1974. The processing of these cases was held in abeyance pending decision in the Finney v. Hutto, 410 F.Supp. 251 (E.D.Ark.1976), affd, 548 F.2d 740 (8th Cir. 1977), class action litigation regarding the constitutionality of conditions of confinement in Arkansas Department of Correction penal institutions.
After the district court’s opinion in Fin-ney[1] and this court’s affirmance, the district court began deciding the numerous individual petitions. In three separate opinions, the district court determined that petitioner here was not entitled to any relief other than the injunctive relief already granted to him as a member of the Finney class. Petitioner timely filed notices of appeal from these orders, and the appeals have been consolidated for decision in this court. The primary issue on this appeal is whether the orders entered in the Finney class action litigation effectively dispose of all of petitioner’s individual claims.[2]
A judgment in a class action suit brought under Fed.R.Civ.P. 23(b)(2) is binding on all class members unless they can show that their interests were not adequately represented by the class representatives.[3] See generally 7A C. Wright & A. Miller, Federal Practice and Procedure § 1789 (1972).[4]
We have carefully examined the many pleadings filed by petitioner. The majority of his claims seek injunctive and declaratory relief for a number of allegedly unconstitutional conditions and practices. Without delving into his claims in unnecessary factual detail, they relate to racial discrimination, inadequate food and overcrowding in the punitive isolation cells, inadequate medical care and facilities, interference with mail, religious and racial discrimination against Black Muslim inmates, brutality by prison employees, inadequate law library and access thereto, and failure to hire and promote blacks in the Department of Corrections.[5] Each of these claims was discussed in either Finney v. Hutto, supra, or Holt v. Hutto, 363 F.Supp. 194 (E.D.Ark.1973). The district court found *455 many of these practices and conditions to be unconstitutional and enjoined them. Other practices and conditions were held not to violate constitutional rights. In any event, the district court’s decisions disposed of all of petitioner’s claims for injunctive and declaratory relief and, as a member of the Finney and Holt classes, petitioner is bound by those decisions.
In addition to his claims for injunctive and declaratory relief, two of petitioner’s pleadings sought money damages. In one action he sought $50,000 in damages from the warden, Terrell Don Hutto. This claim was based on petitioner allegedly being subjected to a disciplinary proceeding for failure to cut a “top knot,” a hair style claimed to be part of a religious purification ritual. Assuming, without deciding, that this allegation states a claim for denial of First Amendment rights, his pleading fails to state a claim for relief against Hutto; his allegation is that the disciplinary action was instituted by one Birt Brogan, a prison guard, who is not named as a party. Hutto is not alleged to have had any knowledge of, or connection with, this incident. Thus, any attempt to obtain damages from Hutto is predicated on a respondeat superior theory which does not apply in § 1983 suits. See, e. g., Rizzo v. Goode, 423 U.S. 362, 370-71, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); Duchesne v. Sugarman, 566 F.2d 817, 830 (2d Cir. 1977); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976); Sebastian v. United States, 531 F.2d 900, 904 (8th Cir.), cert. denied, 429 U.S. 856, 97 S.Ct. 153, 50 L.Ed.2d 133 (1976); Williams v. Vincent, 508 F.2d 541, 546 (2d Cir. 1974).
Petitioner’s second claim for damages is against A. L. Lockhart, another prison official. This claim is based on two beatings which allegedly occurred in July 1974. The pleading alleges that Lockhart had personally beaten him on one of these occasions. However, in answer to interrogatories propounded by Lockhart petitioner stated that he was beaten by correctional officers “who are the subordinates of Respondent Lockhart[,] Said Respondent being responsible for the actions of his officers. .” Thus, it is clear that his claim for damages against Lockhart, the only named defendant, is predicated solely on a respondeat superior theory, which, as we have noted, does not apply in § 1983 suits.
Accordingly, the orders of the district court are affirmed.

. The Honorable J. Smith Henley, United States Circuit Judge, sitting by designation in the United States District Court for the Eastern District of Arkansas.

. Petitioner’s brief is largely directed to showing that practices enjoined in the Finney v. Hutto, 410 F.Supp. 251 (E.D.Ark.1976), affd, 548 F.2d 740 (8th Cir. 1977), litigation are continuing at Cummins. If these practices are indeed continuing, the proper remedy would be initiation of contempt proceedings in the district court. The record indicates that no such proceedings have been commenced in the district court and, accordingly, we do not consider petitioner’s claims on these matters.

. Petitioner makes no allegation of inadequate representation in the Finney litigation.

. Where a prisoner seeks damages for allegedly unconstitutional conditions of confinement, it has been held that he is not precluded by an earlier class action where only declaratory and injunctive relief were sought. See Jones-Bey v. Caso, 535 F.2d 1360 (2d Cir. 1976). But see International Prisoners’ Union v. Rizzo, 356 F.Supp. 806 (E.D.Pa.1973).

. In No. 77-1851, a co-plaintiff, James 23X Brown, alleged that he was subjected to mistreatment at the Arkansas State Hospital. Brown has not appealed and we do not consider his claims for relief.