Dennis **MILHOLLIN** and Michelle Milhollin, Plaintiffs-Appellees,

v.

**FORD MOTOR CREDIT CO.**, a corporation, and Dee Thomason Ford, a corporation, Defendants-Appellants.

Dennis **MILHOLLIN** and Michelle Milhollin, Plaintiffs-Cross Appellants,

v.

**FORD MOTOR CREDIT CO.**, a corporation, and Dee Thomason Ford, a corporation, Defendants-Cross Appellees.

Donna M. **EATON**, Plaintiff-Appellee,

v.

**FORD MOTOR CREDIT CO.**, a corporation, Defendant-Appellant,

Bud Meadows Mazda, Inc., Defendant.

Darrell **MESSINGER**, Plaintiff-Appellee,

v.

**FORD MOTOR CREDIT CO.**, a corporation, and Marv Tonkin Ford Sales, Inc., a corporation, Defendants-Appellants.

David P. **ANDRESEN**, Plaintiff-Appellee,

v.

**FORD MOTOR CREDIT CO.**, a corporation, and Webster-Wolfard Ford, Inc., a corporation, Defendants-Appellants,

and

The California Loan and Finance Association, Amicus Curiae.

Nos. 76–2914, 76–3217, 77–3084, 77–3584 and 77–3569.

United States Court of Appeals, Ninth Circuit.

Dec. 28, 1978.

Herbert H. Anderson, Richard A. Slotte, Portland, Ore., for plaintiffs-appellees and defendants-appellants.

Before WRIGHT and GOODWIN, Circuit Judges, and JAMESON,* District Judge.

EUGENE A. WRIGHT, Circuit Judge:

In these consolidated cases, Ford Motor Credit Corporation (Ford Credit) and several Ford dealers appeal from adverse judgments finding that they violated provisions of the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. (1976) (Act) and the regulations promulgated thereunder, 12 C.F.R. § 226.1 et seq. (1978) (Regulation Z).[1] Milhollin cross appeals from a limitation of Ford Credit's liability.

---

\* Senior District Judge, District of Montana.

1. Sections of Regulation Z cited here have remained the same in all relevant respects since these actions arose.

Although plaintiffs below (Consumers) allege a number of violations, we need to decide only two issues common to the above cases and one issue raised by the Milhollins:

(1) Whether Ford Credit was clearly identified as a creditor on the face of the contract;

(2) Whether it is necessary to disclose an acceleration clause on the face of the contract; and

(3) Whether an inadequate disclosure made to a husband and wife as joint obligors results in a multiple recovery.

## I.

## FACTS [2]

Ford Credit, wholly owned by the Ford Motor Company, provides financing for Ford dealers by extending operating and inventory loans and by purchasing retail installment contracts for the sale of automobiles by dealers.

A Ford Credit booklet explains its program to dealers and gives guidelines for drafting contracts it is willing to purchase. It also provides forms of credit applications, contracts and rate charts for calculating finance charges. Use of the supplied forms is not mandatory, and Ford Credit purchases contracts on other agreement forms. Many dealers disregard the suggested rate charts and develop their own finance charges.

Dealers negotiate all terms of contracts directly with customers, including the interest rate. Contracts are typically assigned shortly after sales are consummated. Although Ford Credit normally is unaware of any specific sale until the contract is proffered for assignment, dealers may get prior approval for customers with marginal credit ratings.

Ford Credit is not obligated to purchase any contracts from dealers, but usually rejects only a small percentage of those offered. It pays dealers cash for the contracts less its discount.

Each dealer here has assigned the great majority of its contracts to Ford Credit.[3] Shortly after each sale Ford Credit purchased the contract, notified the buyer, and provided him a payment book. Consumers made subsequent payments to Ford Credit.

## II.

## DISCLOSURE OF FORD CREDIT AS A CREDITOR

In each of these cases, the district court found that Ford Credit was not clearly identified as a creditor on the face of the contract, and that this nondisclosure violated the Act and Regulation Z. To uphold the district court, we must conclude that (a) the identity of each creditor is a required disclosure under the Act or Regulation Z; (b) Ford Credit is a creditor in these transactions within the meaning of the Act; and (c) Ford Credit's status as a creditor was not adequately disclosed on the face of the contract.

Consumers maintain that Regulation Z requires the disclosure of each creditor to a transaction on the face of the contract.[4] A

---

2. These are the facts common to all above cases. Facts unique to a single case are presented later in the text, as necessary.

3. In *Messinger*, of 600 to 700 contracts assigned six months prior to and six months after the transaction with the plaintiff, the dealer assigned all but 100 to Ford Credit. The dealer in *Andresen* assigned 90% of its contracts to Ford Credit.

4. Regulation Z provides:
"*General rule.* Any creditor when extending credit other than open end credit shall, in accordance with § 226.6 and to the extent applicable, make the disclosures required by this section with respect to any transaction consummated on or after July 1, 1969. . . . [S]uch disclosures shall be made before the transaction is consummated. At the time disclosures are made, *the creditor shall furnish the customer with a duplicate of the instrument or a statement by which the required disclosures are made and on which the creditor is identified.*"
12 C.F.R. § 226.8(a) (1978) (emphasis added).
"*Multiple creditors or lessors; joint disclosure.* If there is more than one creditor or lessor in a transaction, *each creditor or lessor shall be clearly identified* and shall be responsible for making only those disclosures required by this Part which are within his

number of courts have agreed.[5] Consumers also interpret a Federal Reserve Board Official Staff Interpretation of Regulation Z to require disclosure of each creditor.[6] Ford Credit reads the Official Interpretation narrowly to reach an opposite result.[7]

Consumers allege that Ford Credit is a creditor within the meaning of the Act[8] because it extended credit directly to them, using the dealers merely as a means to arrange for the credit. Ford Credit argues that it was a subsequent assignee of the retail installment contract, extending only commercial credit to the dealers. It cites the apparently different treatment accorded an "original creditor" and a "subsequent assignee" in various sections of the Act as evidence that Congress did not intend subsequent assignees to be subject to the same disclosure requirements as creditors.[9] Consumers respond by citing cases that, in certain circumstances, equate subsequent assignees with creditors for disclosure purposes.[10]

■ For our purposes it is unnecessary to decide whether the identification of each creditor is a required disclosure or if Ford Credit is a creditor of Consumers. Assuming an affirmative answer to these questions, we conclude that the status of Ford Credit, even if it is as a creditor, was adequately disclosed.

---

knowledge and the purview of his relationship with the customer or lessee. If two or more creditors or lessors make a joint disclosure, *each creditor or lessor shall be clearly identified.*"

*Id.* at § 226.6(d) (emphasis added).

**5.** *E. g., Lauletta v. Valley Buick, Inc.,* 421 F.Supp. 1036, 1039 (W.D.Pa.1976); *Pedro v. Pacific Plan of California,* 393 F.Supp. 315, 319–20 (N.D.Cal.1975).

Although this court has not addressed this precise issue, it intimated that the identification of each creditor is required by invalidating a disclosure statement that did not identify one of two joint creditors in its description of that element of the finance charge going to that creditor. *Ljepava v. M. L. S. C. Properties, Inc.,* 511 F.2d 935, 942 (9th Cir. 1975) (citing 12 C.F.R. §§ 226.6(d), 226.8(d)(3) (1974)).

**6.** In 1976 the Federal Reserve Board was asked whether a disclosure statement in which the finance charge, annual percentage rate, and name of the creditor were printed in the same size type satisfied the requirements of 12 C.F.R. § 226.6(a) (1978), which states that the terms "finance charge" and "annual percentage rate" "shall be printed more conspicuously than other terminology required by this part."

The Board's response, issued pursuant to the authority granted by 12 C.F.R. § 226.1(d) (1978), stated: "Although *the identification of a creditor is a required disclosure under § 226.- 8(a),* this disclosure does not constitute required 'terminology.'" Official Staff Interpretation of Regulation Z, 41 Fed.Reg. 41908 (1976) (Emphasis added).

We have held that "[g]reat deference is especially due the Federal Reserve Board's construction of its own Regulation Z because of the important interpretative and enforcement powers granted this agency by Congress under the Truth in Lending Act." *Bone v. Hibernia Bank,* 493 F.2d 135, 139 (9th Cir. 1974). *See also Anthony v. Community Loan & Invest-*

*ment Corp.,* 559 F.2d 1363, 1367 (5th Cir. 1977); *Johnson v. McCrackin-Sturman Ford, Inc.,* 527 F.2d 257, 267 n.23 (3d Cir. 1975).

**7.** Ford Credit relies on the strained reading given 12 C.F.R. § 226.8(a) (1978) and the Official Staff Interpretation in *Grey v. European Health Spas, Inc.,* 428 F.Supp. 841, 843. (D.Conn.1977).

**8.** Regulation Z defines "creditor" as

a person who in the ordinary course of business regularly extends or arranges for the extension of consumer credit, or offers to extend or arrange for the extension of such credit, which is payable by agreement in more than four instalments, or for which the payment of a finance charge is or may be required, whether in connection with loans, sales of property or services, or otherwise. 12 C.F.R. § 226.2(s) (1978).

**9.** *See, e. g.,* 15 U.S.C. §§ 1614, 1640(d), 1641 (1976).

**10.** *Meyers v. Clearview Dodge Sales, Inc.,* 539 F.2d 511, 514–16 (5th Cir. 1976); *Mirabal v. General Motors Acceptance Corp.,* 537 F.2d 871, 874 n.1 (7th Cir. 1976); *Joseph v. Norman's Health Club, Inc.,* 532 F.2d 86, 91–92 (8th Cir. 1976); *Bird v. Goddards Discount Furniture,* 443 F.Supp. 422, 423–24 (S.D.Ill.1978); *Poirrier v. Charlie's Chevrolet, Inc.,* 442 F.Supp. 894, 895–96 (E.D.Mo.1978); *Cenance v. Bohn Ford, Inc.,* 430 F.Supp. 1064, 1068–69 (E.D.La.1977); *Lauletta v. Valley Buick, Inc.,* 421 F.Supp. 1036, 1039 (W.D.Pa.1976); *Starks v. Orleans Motors, Inc.,* 372 F.Supp. 928, 930 (E.D.La.1974), *aff'd,* 500 F.2d 1182 (5th Cir. 1974); *Kriger v. European Health Spas, Inc., of Milwaukee, Wisconsin,* 363 F.Supp. 334, 336 (E.D.Wis.1973); *Garza v. Chicago Health Clubs, Inc.,* 347 F.Supp. 955, 963–64 (N.D.Ill. 1972).

On the face of each contract, opposite the signature of Consumers, appears the following disclosure:

The foregoing contract hereby is accepted by the Seller and assigned to Ford Motor Credit Company in accordance with the terms of the assignment set forth on the reverse side hereof.

Seller ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

By ⎯⎯⎯⎯⎯⎯ Title⎯⎯⎯⎯⎯⎯

Consumers argue that the terms of 12 C.F.R. § 226.6(d) (1978), which provide that "each creditor . . . shall be clearly identified," are not met by disclosing that Ford Credit would be an assignee of the contract. They apparently argue that, because the precise word "creditor" was not used in describing Ford Credit's prospective involvement in the transaction, the Act was violated. We disagree. Nowhere does Regulation Z require use of the word "creditor." Here, the exact role that Ford Credit ultimately played in each transaction was clearly disclosed. Requiring Ford Credit to use the word "creditor" would not have given Consumers additional information nor better served the purposes of the Act.

In *Main v. Faller Ford, Inc.*, Civil Action No. 74–337 (W.D.Pa. Apr. 22, 1976), the court held that an identical statement satisfied the creditor disclosure requirements of Regulation Z:

Whether Ford Credit may be described as the term is used in [12 C.F.R.] § 226.-6(d) need not be decided in this factual context because to require such a disclosure by Ford Credit on a separate piece of paper would not be a meaningful disclosure nor would it further the goals of the Truth-In-Lending Act. Ford Credit was accurately described in the contract as the assignee and it is undisputed that plaintiff personally understood that Ford Credit would actually extend her credit and consequently be the recipient of her monthly installment payments. . . . To require Ford Credit to also disclose to plaintiff that it was also a "creditor" within the Act would be a meaningless

and needless exercise providing plaintiff with duplicative information, and such duplication cannot be justified by the Act's purpose nor by the practical considerations of these circumstances.

*Accord, Sharp v. Ford Motor Credit Co.*, 452 F.Supp. 465 (S.D.Ill.1978) (appeal pending); *Antonio v. Canal Motors, Inc.*, Civil Action No. 74–3163 (E.D.La. Nov. 18, 1977) (appeal pending); *Augusta v. Marshall Motor Co.*, 453 F.Supp. 912 (N.D.Ohio 1977) (appeal pending).

We agree with the reasoning in *Main* and hold that the district court erred in finding that Ford Credit was not adequately identified as a creditor on the face of the contract.[11]

## III.

## DISCLOSURE OF AN ACCELERATION CLAUSE

The reverse side of each contract contained an acceleration clause that did not explain the effect of acceleration on unearned interest. Ford Credit maintains that its uniform practice, although not explicitly disclosed, is to rebate unearned interest to the customer upon acceleration in the same manner as that following a voluntary prepayment.

This court faced a similar situation in *St. Germaine v. Bank of Hawaii*, 573 F.2d 572 (9th Cir. 1977). We held there that

[t]he creditor must disclose whether a rebate of unearned interest will be made upon acceleration and also disclose the method by which the amount of unearned interest will be computed if the debt is accelerated.

*Id.* at 577. Failure to make these disclosures is a violation of the Act.

In *Milhollin*, the district court concluded on different grounds than those stated in *St. Germaine* that failure to disclose the acceleration clause on the face of the contract was a violation of the Act. The court

11. Since we conclude that Ford Credit's disclosure of its status was adequate, we need not

consider the sufficiency of additional disclosures attached to the contract in *Andresen*.

held, however, that it would result in liability only after the decision in *Woods v. Beneficial Finance Co. of Eugene*, 395 F.Supp. 9 (D.Or.1975), the first Oregon case recognizing this nondisclosure as a violation. In so holding, the district court exceeded its authority because "[t]he application of doctrines limiting the retroactivity of judicial decisions is restricted to appellate courts." *Kessler v. Associates Financial Service Co.*, 573 F.2d 577, 579 (9th Cir. 1977).

We hold on the basis of *St. Germaine* that Ford Credit is liable to the Milhollins for failure to disclose the acceleration clause and its effect on unearned interest on the face of the contract.

## IV.

### RECOVERY FOR INADEQUATE DISCLOSURE BY JOINT OBLIGORS

■ At the time of the transaction in *Milhollin*, plaintiffs were husband and wife. Both signed the retail installment contract, making them jointly and severally liable for the full debt under Oregon law. They allege that the district court erred in limiting them as joint obligors to one recovery for violations under the Act.

The Act provides:

[A]ny creditor who fails to comply with any requirement imposed under this part . . . with respect to *any person* is liable to *such person* in an amount equal to the sum of—

. . . . .

(2)(A)(i) in the case of an individual action twice the amount of any finance charge *in connection with the transaction* . . ., except that *the liability under this subparagraph shall not be less than $100 nor greater than $1,000* . . . .

15 U.S.C. § 1640(a) (1976). The first quoted words emphasized, "any person" and "such person," suggest that each joint obligor is entitled to a separate recovery. The emphasized words in the second paragraph, however, suggest that the liability for any single transaction is limited to $1,000.

The circuits have split on this issue. The Fifth and Seventh Circuits have concluded that a husband and wife as joint obligors are entitled to separate recoveries. *Davis v. United Companies Mortgage & Inv. of Gretna, Inc.*, 551 F.2d 971 (5th Cir. 1977); *Mirabal v. General Motors Acceptance Corp.*, 537 F.2d 871, 881–83 (7th Cir. 1976); *Allen v. Beneficial Finance Co. of Gary*, 531 F.2d 797, 805–06 (7th Cir.), *cert. denied*, 429 U.S. 885, 97 S.Ct. 237, 50 L.Ed.2d 166 (1976). The Fourth Circuit reached the opposite result in *Powers v. Sims and Levin*, 542 F.2d 1216, 1219–20 (4th Cir. 1976), in which the court limited the recovery of husband and wife as joint obligors to one penalty.

We believe that the Fourth Circuit's approach more closely reflects the intent of Congress. The applicable legislative history states:

Any creditor failing to disclose required information would be subject to a civil suit with a penalty equal to twice the finance charge, with a minimum penalty of $100 and a *maximum penalty not to exceed $1,000 on any individual credit transaction.*

H.R.Rep.No.1040, 90th Cong., 2d Sess., [1968] U.S. Code Cong. & Admin.News, pp. 1962, 1976 (emphasis added). The Milhollins, although joint obligors, entered into one credit transaction with the dealer and Ford Credit. They are entitled to one recovery.

## IV.

### CONCLUSION

Because the district court in *Andresen* and *Messinger* concluded Ford Credit violated the Act only on the basis of an inadequate disclosure of its creditor status, a conclusion we reject, we remand those cases for a consideration of other alleged violations of the Act not treated by the court.

Although the district court in *Milhollin* found liability on the ground used in *Andresen* and *Messinger*, it also concluded Ford Credit violated the Act by failing to disclose an acceleration clause on the face of the contract. In light of *St. Germaine*, we disa-

gree with the rationale used by the court, but hold on other grounds that Ford Credit violated the Act by failing to disclose an acceleration clause and its effect on unearned interest. We also disagree with the court's prospective application of *Woods*, and hold that Ford Credit is liable to the Milhollins for its nondisclosure. As joint obligors, they are entitled to only one recovery.

We affirm the holding of the district court in *Eaton*, again under a different rationale,[12] on the basis of Ford Credit's failure to disclose an acceleration clause and its effect on unearned interest on the face of the contract.[13]

AFFIRMED IN PART AND REVERSED IN PART.

---

**12.** Noting that it would be "a waste of judicial time and effort" to set forth the reasons for its decisions in light of the thorough discussion in *Milhollin*, then on appeal to this court, the district court in *Eaton* merely adopted the rationale of *Milhollin*. We agree with the conclusion in *Milhollin* that failure to disclose an acceleration clause on the face of a contract is a violation of the Act, but do so on different grounds.

**13.** Since multiple violations of the Act in any single credit sale transaction result in only one recovery, 15 U.S.C. § 1640(g) (1976), it is unnecessary to consider any other alleged violations in *Milhollin* and *Eaton*.