**Thaddeus S. MURPHY, Plaintiff,**

v.

**FORD MOTOR CREDIT CO., and Hilltop Lincoln Mercury, Inc., Defendants.**

No. 78–1091C(A).

United States District Court,
E. D. Missouri, E. D.

Aug. 29, 1979.

Chackes & Hoare, Kenneth M. Chackes, St. Louis, Mo., for plaintiff.

Shepherd, Sandberg & Phoenix, Steven P. Sanders, St. Louis, Mo., for defendants.

## MEMORANDUM OPINION

HARPER, District Judge.

The complaint of the plaintiff, Thaddeus S. Murphy (hereinafter referred to as Murphy), alleges that the defendants, Ford Motor Credit Company (hereinafter referred to as Ford) and Hilltop Lincoln Mercury, Inc. (hereinafter referred to as Hilltop), violated Title I of the Consumer Credit Protection Act (hereinafter referred to as the Act), 15 U.S.C. § 1601 et seq., commonly known as the Truth-in-Lending Act, and Regulation Z, 12 CFR 226.1 et seq., promulgated pursuant to said Act, in that the plaintiff and the defendants entered into a credit transaction, in the course of which credit transaction defendants failed to disclose the identity of Ford as a creditor and further failed to identify all of the property to which the security interests relate, the right to accelerate upon default, to put all required disclosures on the same side of the page, to put the required disclosures in meaningful se-

quence, and to provide plaintiff and the co-signer with a written disclosure statement.

This Court has jurisdiction pursuant to 15 U.S.C. § 1640(e).

The pleadings, stipulation of facts, the credible testimony, and the exhibits disclose that plaintiff is a natural person who is and was at all times material a resident of St. Louis, Missouri. Defendant Ford is a corporation licensed to do business within the State of Missouri, and defendant Hilltop is a Missouri corporation with its principal place of business in St. Louis County, Missouri.

Murphy negotiated a buyer's purchase order for a 1977 Lincoln automobile with Hilltop, the terms consisting of a down payment of $1,000.00 and $7,900.00 financed at a ten percent add-on interest rate. Hilltop collected credit information from Murphy and sent this information by telephone to Ford. Several hours later Ford called Hilltop and stated that the loan was unacceptable with a down payment of $1,000.00, but would be acceptable with a down payment of $1,300.00.

Hilltop renegotiated the sale with Murphy, the new terms consisting of a down payment of $1,300.00 and $7,246.00 financed at a ten percent add-on interest rate. The contract was signed by Murphy, endorsed by Hilltop and sent to Ford.

■ Murphy alleges that both Hilltop and Ford were creditors for purposes of the Act. A "creditor" is defined as "a person who in the ordinary course of business regularly extends or arranges for the extension of consumer credit * * *." 12 CFR 226.2(m). Hilltop does not dispute that it was a creditor. Ford contends that it was merely an assignee of the installment contract. The contention is based upon three factors: (1) Hilltop was not required to sell the contract to Ford, (2) Ford was not required to accept the contract and in fact turned down approximately thirty percent of the contracts submitted by Hilltop, and (3) Ford did not dictate the terms (interest rate, number of payments and amount of down payment) of the contract.

There was no written agreement requiring Hilltop to sell its retail loans to Ford. However, since Ford provided Hilltop's floor plan financing there was a "gentleman's understanding" that Hilltop would finance a majority of its loans with Ford. In 1978 Hilltop placed over fifty percent of its retail loans with Ford.

Ford turned down approximately thirty percent of the loans submitted by Hilltop. Hilltop did not finance any of its retail loans. If financing was not available for a particular loan no contract was signed. In any event, it is the loan accepted with which we are concerned. *Joseph v. Norman's Health Club, Inc.*, 532 F.2d 86, 92 (8th Cir. 1976).

Ford had guidelines which were communicated to Hilltop and which controlled whether or not a loan would be approved. A dealer wishing to have its loans approved would conform to these guidelines. In the instant case the amount of the down payment was changed in order to receive approval by Ford.

These factors, considered together, indicate that Hilltop was the arranger of credit and served as a conduit between Murphy and the actual extender of credit, Ford. *Meyers v. Clearview Dodge*, 539 F.2d 511, 515–16 (5th Cir. 1976), cert. denied, 431 U.S. 929, 97 S.Ct. 2633, 53 L.Ed.2d 245 (1977), *Joseph*, supra, at 91–93.

■ Plaintiff's contention that Ford was not disclosed as a creditor on the face of the contract was disposed of by the Ninth Circuit in *Milhollin v. Ford Motor Credit Co.*, 588 F.2d 753 (9th Cir. 1978), which held that the clause, "The foregoing contract hereby is accepted by the seller and assigned to Ford Motor Credit Company in accordance with the terms of the assignment set forth on the reverse side hereof," adequately disclosed Ford as a creditor. *Milhollin*, supra, at 757. The clause in *Milhollin* was identical to the assignment clause in the instant case, and it is also held that Ford was adequately disclosed as a creditor.

62

■ This Court in *Whitlock v. Midwest Acceptance Corp.*, 449 F.Supp. 631 (E.D.Mo. 1977), at 637, stated: "[N]o specific ordering of disclosures is required by either the Act or Regulation Z so long as logically related terms are grouped together rather than scattered throughout the contract." This part of this Court's opinion was affirmed by the Eighth Circuit Court of Appeals, 575 F.2d 652 (1978), although a part of the case was reversed. The terms of this contract are grouped together rather than scattered throughout the contract, and, therefore, plaintiff's contention that the contract terms are not in meaningful sequence is without merit.

■ The Eighth Circuit in *Griffith v. Superior Ford*, 577 F.2d 455 (1978) held that acceleration clauses were not required to be disclosed on the face of contracts by either the Act or Regulation Z. Contrary to plaintiff's contention, the *Griffith* opinion was not based upon Minnesota law and so is controlling in the instant case.

■ Plaintiff in his complaint alleges that he was not provided with a written disclosure statement. However, no evidence was introduced to support this claim and plaintiff's signature is on an acknowledgment stating that he received a copy of the contract. This signed acknowledgment constitutes prima facie proof of delivery. *Whitlock*, supra, 575 F.2d 652, 653 (8th Cir. 1978).

■ Plaintiff contends that the defendants violated 12 CFR 226.8(a)(1) (required disclosures shall be made on the same side of the page and above the signature) by not including in the security interest disclosure the assignment of any monies payable under the physical damage insurance required in paragraph 18 of the contract. In the contract before the Court the disclosure with respect to the assignment of insurance was on the back page of the contract (Paragraph 18), while the signature was on the front page of the contract. The insurance assignment is a security interest for purposes of 15 U.S.C. § 1638(a)(10) and 12 CFR 226.8(b)(5), and its non-disclosure on the

same side of the page where the signature is found is a violation of 15 U.S.C. § 1640(a). *Edmondson v. Allen-Russell Ford, Inc.*, 577 F.2d 291 (5th Cir. 1978), cert. denied —— U.S. ——, 99 S.Ct. 2180, 60 L.Ed.2d 1057.

The plaintiff is entitled to judgment from the defendants for failure to properly disclose the security interest with respect to the assignment of insurance. Accordingly, plaintiff is awarded judgment against the defendants in the amount of $1,000.00 and attorney's fees.

This memorandum opinion is adopted by the Court as its findings of fact and conclusions of law on the merits of the case, except with respect to attorney's fees, and the clerk of the Court will prepare and enter the proper order.

The case is set for hearing before the Court on the question of attorney's fees to be allowed on Friday, September 14, 1979.