Ben J. KENDRICK, et al.

v.

JIM WALTER HOMES, INC.

No. IP 79–694–C.

United States District Court,
S. D. Indiana,
Indianapolis Division.

Aug. 25, 1980.

John N. Goodman and James M. Little, of Ungerman, Conner, Little, Ungerman & Goodman, Oklahoma City, Okl., and William H. Davis, Corydon, Ind., for plaintiffs.

Jerry P. Belknap, of Barnes & Thornburg, Indianapolis, Ind., for defendant.

## ORDER

NOLAND, District Judge.

This cause is before the Court upon the motion of the defendant for partial summary judgment, the motion of the plaintiffs for certification of the action as a class action, and the motions of Charles E. and Lois Tharp, James A. and Margie Holt, Gerald W. Hilsmeyer, Harold G. and Christine Kays, Michael R. and Rita L. Moffitt, and Jacquelin Davis (now Fuson) to intervene as parties plaintiff in this action, pursuant to Rules 56, 23, and 24(b), respectively, of the Federal Rules of Civil Procedure.

Whereupon the Court, having considered the motions and memoranda submitted in support thereof and opposition thereto, and being duly advised in the premises, hereby GRANTS the motion for partial summary judgment, DENIES the motion for class certification, and GRANTS the motions of the above-named individuals to intervene in this cause.

IT IS SO ORDERED.

## MEMORANDUM ENTRY

This action arises under the provisions of Indiana's Uniform Consumer Credit Code (UCCC), *Ind.Code* § 24–4.5–1–101 to 24–4.5–6–203 (1976). Plaintiffs allege that certain transactions involving sales of homes by defendant were conducted in violation of *Ind.Code* § 24–4.5–2–403 (1976), which provides, in pertinent part:

> In a consumer credit sale or consumer lease . . . the seller or lessor may not take a negotiable instrument other than a check as evidence of the obligation of the buyer or lessee.

Plaintiffs contend, and defendant does not now dispute, that Jim Walter Homes, Inc. required buyers of its "shell homes" to execute a negotiable instrument, in the form of a promissory note, as evidence of the indebtedness arising out of the purchase agreement. They seek now to take advantage of the penalty and recovery provisions outlined by statute for violation of Section 24–4.5–2–403. Basically, these provisions permit recovery by the debtor of the amount of the credit service charge or loan finance charge, and up to three times this amount as a penalty. If the person liable to the debtor refuses to make a refund of excess finance charges where due within a reasonable time after demand, the debtor may recover a penalty equal to the greater of the credit service or loan finance charges, or ten times the amount of the excess charge. *Ind.Code* § 24–4.5–5–202(1) and (4) (1976). Of the 42 transactions occurring in Indiana which are not barred by the statutory restriction that suits to collect the penalty amounts be brought within one year after the "due date of the last scheduled payment of the agreement with respect to which the violation occurred," *Ind. Code* § 24–4.5–5–202(1), 36 involved multiple obligors. Plaintiffs seek recovery of the statutory penalty amounts by *each* signer or co-obligor, contending that each is a "debtor" entitled to full recovery within the meaning of the UCCC. Defendant contends that to permit recovery by each signer in such circumstances would be to allow double-recoveries, and would impose penalties far in excess of those intended under the Code.

The Court is in agreement with the defendant on this point. Although plaintiffs cite authority for the proposition that recovery by each obligor on a negotiable instrument is permissible, such authority arises largely out of violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, for which the maximum penalty is $1,000 and in respect to which the statutory language is clear to afford recovery to "any person" subjected to a violation of the Act. 15 U.S.C. § 1604(a). Additionally, plaintiffs contend that in view of the allegedly egregious behavior by the defendant in failing to discontinue collection of the illegal finance charges even after it became aware of the statutory violation, the Court should not be reluctant to permit the "double recovery" sought, regardless of the potential amount or windfall to the plaintiffs. It is clear to the Court that its decision in connection with the statutory interpretation forming the basis for the summary judg-

ment motion is not a discretionary one, to be motivated by any sense of animus or goodwill toward the parties involved. Rather, the Court is to be guided in its determination by established rules of statutory construction and relevant caselaw. Thus the "egregious" nature of any violation is immaterial at this stage.

■ Turning to the specifics of the penalty provisions under the UCCC, the Court views Section 24–4.5–5–202 as one deserving of strict construction to the extent that it is penal. *Sheraton Corporation v. Kingsford Packing Co.*, 162 Ind.App. 470, 319 N.E.2d 852 (1974); *Green v. Robertshaw-Fulton Controls Co.*, 204 F.Supp. 117, 132 (S.D.Ind.1962). Such perspective in no way impinges upon the directive contained in *Ind.Code* § 24–4.5–1–102 (1976) that the provisions of the UCCC be liberally construed and applied to promote its underlying goals and policies, in that the purpose of penalizing violators by imposing up to the maximum monetary sanctions allowable under the statute is not thwarted by more closely scrutinizing the penalty language. In this light the Court cannot conclude that the term "debtor" as used in the statute was intended to include "each obligor" in a technical sense. Rather, the term reasonably refers to one of the two sides of a consumer credit transaction: the individuals or institutions extending credit on one side (creditor) and the individual or individuals incurring obligations on the other (debtor). As the Court stated in *Powers v. Sims & Levin*, 542 F.2d 1216, 1219 (4th Cir. 1976), a case arising under the Truth in Lending Act:

> The Congress was careful to provide a maximum to the statutory penalty, and it is not to be lightly supposed that the statutory maximum is to be doubled, trebled, or quadrupled, depending upon obligors in a single consumer credit transaction .... Since there was here only one credit transaction, we think only one civil penalty should have been imposed.

*See also Milhollin v. Ford Motor Credit Co.*, 588 F.2d 753, 758 (9th Cir. 1978) ("The Milhollins, although joint obligors, entered into one credit transaction with the dealer and Ford Credit. They are entitled to one recovery.") The reasoning underlying these interpretations under the Truth in Lending Act is even more compelling in the context of the UCCC under which the penalties are far more substantial, and could amount, if double recovery were allowed, to over $300,000 on the basis of a transaction in which the entire amount payable was $21,330 in the case of the named plaintiffs.

In short, despite the absence of caselaw directly bearing on *Ind.Code* § 24–4.5–5–202, the Court has concluded that as a matter of law plaintiffs are limited to a single recovery under the statute as interpreted herein. The violation complained of was in respect to the transaction, not the individuals involved. Defendant was entitled to one payment of the amount financed. Plaintiffs, assuming the requisite circumstances are shown to have existed, are entitled to one payment of the penalty amount. Defendant's motion for summary judgment will be granted accordingly.

■ Insofar as the motion for class certification is concerned, the Court has concluded that the circumstances do not meet the standards for class actions outlined in Rule 23 of the Federal Rules of Civil Procedure. Whereas the originally proposed class of plaintiffs numbered approximately 235, the present record indicates that approximately 42 transactions are involved. Such a number is not one rendering joinder impracticable, Fed.R.Civ.P. 23(a), and in view of the various difficulties inherent in management of a class action of any size, the Court will deny the motion for class certification.

■ In connection with this determination, the Court will grant the petitions to intervene filed by plaintiffs/intervenors Tharp, Holt, Hilsmeyer, Kays, Moffitt, and Davis, in that the claims as outlined in the proposed complaints accompanying their petitions clearly appear to involve questions of law and fact common to the presently-pending action, as required by Rule 24(b) of the Federal Rules of Civil Procedure.