**Elizabeth F. FRISCH, Plaintiff,**

v.

**CASAVELY–MACHENS FORD, INC., Defendant.**

**No. 79–944C(2).**

United States District Court,
E. D. Missouri,
E. D.

Sept. 29, 1980.

Barbara J. Gilchrist, Ann B. Lever, Legal Services of Eastern Missouri, Inc., St. Louis, Mo., for plaintiff.

Norman H. Anderson, Fortus & Anderson, St. Louis, Mo., Robert S. Allen, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, District Judge.

This case is now before the Court on the parties' cross–motions for partial summary judgment. Plaintiff brought this suit pursuant to the Truth–In–Lending Act, 15 U.S.C. § 1601 et seq., and the accompanying regulation, Federal Reserve Board Regula-

tion Z, 12 C.F.R. § 226 et seq. Plaintiff seeks to recover statutory damages plus attorneys' fees and costs.

On the instant motions for partial summary judgment, the following facts are not in dispute. Plaintiff purchased a used automobile from defendant in August 1978. Defendant is in the business of selling new and used automobiles, and regularly extends or arranges for the extension of credit to its customers for which a finance charge is imposed and which is payable in more than four installments. Defendant has admitted that it arranged for the extension of credit to plaintiff which is involved in this case. On completion of the agreement, the contract was immediately assigned by defendant to the Ford Motor Credit Company (Ford Credit), as defendant routinely does with a large percentage of its credit agreements.

Plaintiff asserts that defendant failed to comply with the Truth–In–Lending Act in various respects. The instant cross–motions for partial summary judgment are addressed to those claims dealing with the adequacy of the disclosures made by defendant. Plaintiff's assertion that defendant violated the Act by failing to provide her with a duplicate of the disclosure statement at the time the disclosures were made is not involved in the instant motions.

■ Plaintiff claims that defendant violated the Act by failing to make the required disclosures in a meaningful sequence,[1] as required by § 226.6(a) of Regulation Z. This Court must concur with defendant that the applicable regulation has been met. Section 226.6(a) is meant to ensure that the required disclosures follow a logical order and are not scattered throughout the agreement. *Basham v. Finance America Corp.*, 583 F.2d 918 (7th Cir. 1978). The key factors to be considered in determining whether this regulation has been violated are the reasonable proximity of the disclosures to each other and the comprehensibility of the agreement; no particular

format is mandated. Id., *Warren v. Credithrift of America, Inc.*, 599 F.2d 829 (7th Cir. 1979).

■ The very format involved in this case was examined in *Murphy v. Ford Motor Credit Co.*, 477 F.Supp. 59 (E.D.Mo. 1979), aff'd in part, rev'd in part No. 79–1822, No. 79–2061, 629 F.2d 556 (8th Cir. August 28, 1980). There, the Court concluded that "[t]he terms of this contract are grouped together rather than scattered throughout the contract, and, therefore, plaintiff's contention that the contract terms are not in meaningful sequence is without merit." Id., at 62. This Court must agree. There can be no exact formulation as to what constitutes a logical or meaningful sequence, and extended discussion of how one factor relates to others and would be better placed in a different position is unnecessary. Suffice it to say that, in viewing the disclosure statement involved in this case, this Court is convinced that the statement is both logical and comprehensive, and that the Act is not violated in this respect.

■ Plaintiff argues that defendant failed to comply with § 226.8(a) of Regulation Z in failing to disclose Ford Credit as a creditor on the face of the agreement. Defendant does not acknowledge that Ford Credit was, in fact, a creditor, and this Court need not decide that issue. For it is clear that, assuming Ford Credit was a creditor, its status was adequately disclosed in the agreement.

Ford Credit's role in the transaction was disclosed through the following clause:

The foregoing contract is hereby accepted by the seller and assigned to Ford Motor Credit Company in accordance with the terms of the Assignment set forth on the reverse side hereof.

Seller _____

By _____ Title _____

---

1. The terminology adopted by plaintiff in her motion for summary judgment differs in some respects from the allegations of the complaint.

This opinion will adopt the terminology used in the instant motion.

This clause has been held to adequately disclose the assignee's prospective involvement in the transaction in several cases. The leading case on this subject is *Milhollin v. Ford Motor Credit Co.*, 588 F.2d 753 (9th Cir. 1978), rev'd on other grounds, 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980). The court in *Milhollin* rejected plaintiff's argument that the word "creditor" must be used.

> Nowhere does Regulation Z require use of the word "creditor". Here, the exact role that Ford Credit ultimately played in each transaction was clearly disclosed. Requiring Ford Credit to use the word "creditor" would not have given Consumers additional information nor better served the purposes of the Act. Id. at 757.

This same conclusion has been reached recently with respect to similar clauses by the Sixth and Seventh Circuit Courts of Appeals. *Augusta v. Marshall Motor Co.*, 614 F.2d 1085 (6th Cir. 1979); *Sharp v. Ford Motor Credit Co.*, 615 F.2d 423 (7th Cir. 1980). This Court is not inclined to go against this persuasive weight of authority.

■ Plaintiff also argues that defendant violated the Act by not disclosing Ford Credit's local business address. This Court can find no such requirement in the Act or the accompanying regulation. The case relied on by plaintiff, *Welmaker v. W. .T. Grant Company*, 365 F.Supp. 531 (N.D.Ga. 1972), is not persuasive. Rather than ruling that disclosure of the creditor's local address is always required, *Welmaker* held that, in light of the partial disclosures which were made, failure to disclose the address was misleading and confusing. *Houston v. Atlanta Federal Sav. & Loan Ass'n.*, 414 F.Supp. 851, 859 (N.D.Ga.1976). This Court does not believe failure to give Ford Credit's local address is misleading or confusing in this case.

■ This Court must also reject plaintiff's assertion that defendant's role as a creditor was not adequately disclosed. Defendant is listed at the top of the agreement as "Seller." The agreement then discloses, in the clause previously quoted, that "Seller" assigned the contract to Ford Credit. Just as in *Milhollin*, supra, the exact role ultimately played by defendant was clearly disclosed. That the word "creditor" was not used does not necessarily indicate a violation of the Act.

*Whitlock v. Midwest Acceptance Corp.*, 575 F.2d 652 (8th Cir. 1978), relied on by plaintiff, is clearly distinguishable. In that case, the only mention of the seller and arranger of credit on the agreement was as a recipient of disbursed funds. There was no indication that the seller had, in fact, arranged for the credit. Indeed, there was not even any mention that the recipient of the funds was actually the seller. That is a far cry from the disclosure in this case. The exact role played by defendant was disclosed.

■ This Court must also reject plaintiff's claim that the phrase "a security interest under the Uniform Commercial Code" does not adequately disclose the nature of security interest which defendant retained. This phrase has been found sufficient by the Federal Reserve Board staff, F.R.B. Official Staff Interpretation Letter of November 22, 1976, 1976 C.C.H. Cons. Cred. Guide ¶ 31,491, and a similar phrase has been held adequate by the only court to deal with the issue. *Anthony v. Community Loan & Inv. Corp.*, 559 F.2d 1363 (5th Cir. 1977). Federal Reserve Board staff opinions construing the Act or the accompanying regulation are to be considered dispositive unless demonstrably irrational. *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980). As this Court can not say the above staff opinion is irrational, plaintiff's claim must be rejected.

■ Finally, plaintiff claims that defendant violated the Act by failing to disclose the terms of the assignment from defendant to Ford Credit conspicuously and on the same side of the agreement as plaintiff's signature. This Court can find no authority, and plaintiff has cited none, for requiring disclosure of the assignment, much less requiring it conspicuously and on the same

side. This Court can not enlarge upon the disclosures required by the Act and Regulation Z. *Griffith v. Superior Ford*, 577 F.2d 455 (8th Cir. 1978).

Defendant's motion for partial summary judgment will therefore be granted, and plainitff's motion will be denied.