Lecia ANDERSEN, David Andersen,
Appellees,

v.

FARMERS BANK OF CLATONIA,
Appellant.

No. 80–1692.

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1981.

Decided May 13, 1981.

Patrick W. Healey, argued, Healey, Brown, Wieland, Kluender, McCord & Atwood, Lincoln, Neb., for appellant.

Kenneth E. Mahlin, Beatrice, Neb., for David Andersen.

Leroy P. Shuster, Lincoln, Neb., for Lecia Andersen.

Before LAY, Chief Judge, ROSS, Circuit Judge, and ROBINSON,* Senior District Judge.

PER CURIAM.

Farmers Bank of Clatonia appeals from a judgment of the district court, the Honorable Warren K. Urbom presiding, awarding Lecia Andersen and David Andersen, plaintiffs in separate actions consolidated below, each statutory damages of $1,000 plus their individual attorney's fees for Farmers Bank's violation of the disclosure requirements of the Truth in Lending Act, 15 U.S.C. §§ 1601–1666. We affirm.

In 1978, Lecia and David Andersen, then husband and wife, entered into a consumer

---

* Richard E. Robinson, Senior District Judge, District of Nebraska, sitting by designation.

credit transaction, as co-obligors, with Farmers Bank. The installment note they executed held them jointly and severally liable and their indebtedness was secured by jointly held property. After their divorce, Lecia and David brought separate actions against Farmers Bank of Clatonia, for violation of the Truth in Lending Act and Regulation Z. The district court granted plaintiffs' separate motions for summary judgment finding violations of both the Truth in Lending Act and Regulation Z. Farmers Bank does not appeal that decision, but rather asserts that the court erred in awarding each of the co-obligors statutory damages and attorney's fees.

Section 1640(a) establishes the amount for which a creditor may become civilly liable for violation of the Truth in Lending Act. Section 1640(a) provides in relevant part:

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

. . . .

(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, . . . except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000; . . .

and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

The courts which have interpreted this section are divided as to whether it allows each obligor in a consumer credit transaction to collect statutory damages up to the $1,000 limit or whether recovery by all obligors is subject to that limit. The Fifth and Seventh Circuits have allowed each obligor to collect up to the statutory maximum. *E. g. Davis v. United Companies Mortgage & Investment of Gretna, Inc.*, 551 F.2d 971 (5th Cir. 1977); *Mirabal v. General Motors Acceptance Corp.*, 537 F.2d 871 (7th Cir. 1976). The Fourth, Ninth and Tenth Circuits have held that only one civil penalty subject to the statutory maximum may be imposed for each credit transaction. *E. g. Milhollin v. Ford Motor Credit Co.*, 588 F.2d 753 (9th Cir. 1978), *rev'd on other grounds*, 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980); *Powers v. Sims & Levin*, 542 F.2d 1216 (4th Cir. 1976); *Hinkle v. Rock Springs National Bank*, 538 F.2d 295 (10th Cir. 1976).

The Seventh Circuit in *Mirabal* reasoned that the language in section 1640(a) clearly states that any creditor is liable to "any person" for failure to comply with the disclosure requirements of the Act. The court reasoned, therefore, that the creditor has a duty to *each* obligor and is liable to *each* obligor for a breach of that duty. 537 F.2d at 881–82. The court stated, "Without more convincing evidence that Congress intended some other result, the command of such language cannot be ignored." *Id.* at 883. It reasoned that the quid pro quo for the creditor getting additional signatures is additional security, and liability to each obligor up to the statutory maximum is commensurate with the additional security the creditor receives.

In *Powers v. Sims & Levin*, the Fourth Circuit limited the total penalty available to joint obligors to the statutory maximum of $1,000. In doing so, the court reasoned that there was only one credit transaction involved and that "it is not to be lightly supposed that that statutory maximum is to be doubled, trebled, or quadrupled, depending upon the number of the joint obligors in a single consumer credit transaction." *Id.* at 1219. The court also found support in House Report No. 1040 which states:

Any creditor failing to disclose required information would be subject to a civil suit with a penalty equal to twice the finance charge, with a minimum penalty of $100 and a maximum penalty not to exceed $1,000 on *any individual credit transaction*.

H.R.Rep. No. 1040, 90th Cong., 2d Sess., *reprinted in* [1968] U.S.Code Cong. & Ad. News 1962, 1976 (emphasis added).

■ We find the Seventh Circuit's reasoning in *Mirabal* persuasive. The statute clearly makes a creditor who violates the Truth in Lending Act liable to "any person," not to joint obligors, collectively. This language strongly indicates that a creditor is separately liable to each joint obligor, each of whom may collect up to $1,000 from any creditor who violates the disclosure requirements. Since we find the language to be unambiguous, its clear meaning is controlling and we need refer to no other source to interpret its meaning. *See Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 201, 96 S.Ct. 1375, 1384, 47 L.Ed.2d 668 (1976).

■ Section 1640(a)(3) also allows "any person" who successfully brings a suit against a creditor to collect attorney's fees. Consistent with our interpretation of the statutory penalty provision, we hold that joint obligors may also collect their individual attorney's fees. Farmers Bank does not challenge the amount of the fees awarded by the district court and admitted during argument that attorney's fees would include those incurred because of an appeal. We, therefore, order attorneys for both Lecia and David Andersen to submit, within 10 days, affidavits concerning the fees incurred in this appeal.

The judgment of the district court is affirmed.

RICHARD E. ROBINSON, Senior District Judge, Dissenting.

Appellees Lecia and David Andersen, as husband and wife, entered into a single consumer credit transaction with the Farmers Bank of Clatonia. In that transaction the Andersens signed a single note as co-obligors for which they were jointly and sev-erally liable. The collateral used to secure the loan belonged to them jointly and they received a joint distribution of the loan proceeds.

There is no dispute on appeal that the transaction violated the Truth in Lending Act, 15 U.S.C. §§ 1601–1666. There is also no contention that the violation was anything but technical—the Andersens admittedly suffered no damage as a result of the violation. This is not a case of unsuspecting consumers being victimized by an overreaching creditor. To award each appellee statutory damages and attorney's fees under these circumstances gives them nothing less than a windfall. More importantly, it argues persuasively that such a result was not intended by Congress.[1]

The question of whether a separate statutory award should be made to each obligor where a single consumer credit transaction violates the Truth in Lending Act has divided several of the Circuit Courts. See the majority opinion at p. 1348 *supra*. I concur with the result reached in the line of cases which hold that only one penalty, up to the statutory limit of $1,000, may be imposed on each credit transaction. *See e. g. Milhollin v. Ford Motor Credit Co.*, 588 F.2d 753, 758 (9th Cir. 1978), rev'd on other grounds, 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980); *Powers v. Sims & Levin*, 542 F.2d 1216, 1219–20 (4th Cir. 1976); *Anderson v. Pamlico Chemical Co.*, 470 F.Supp. 12, 18 (E.D.N.C.1977). Since these cases carefully analyze the issue, a detailed explication is omitted here. Instead, a few comments about the statutory construction embraced by this Court's opinion are made in passing.

In finding that both appellees are entitled to recover, the Court relies on Section 1640(a) of the Act which makes a creditor who fails to comply with the applicable requirements "with respect to any person"

---

1. Multiple recoveries for a technical violation in a single transaction becomes more tenuous with each co-obligor. If this case involved a hundred obligors or even ten, a finding that each is entitled to a separate award obviously exposes the creditor to substantial liability and counsels against the extension of credit where there are multiple obligors. The incongruity of the situation is plain.

liable to "such person." But 2(A)(i) of the same section focuses on the transaction rather than on the person; "in the case of an individual action twice the amount of any finance charge in *connection with the transaction*", and then adds the proviso that "*the liability under this subparagraph shall not be less than $100 nor greater than $1,000.*" [Emphasis added]. To nevertheless find the "any person" language controlling requires that it be read with unwarranted specificity. It is tantamount to substituting obligor for person. If Congress had intended to make the creditor liable to each obligor, it could have used that particular term. It used "person" instead which in a statutory context is often a generic term.[2]

I respectfully dissent.

---

2. For example, a person for purposes of 42 U.S.C. § 1983 includes municipalities and other local governments *Monell v. Department of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978), high school athletic associations *Walsh v. Louisiana High School Athletic Ass'n.*, 616 F.2d 152, 155, cert. denied —— U.S. ——, 101 S.Ct. 939, 66 L.Ed.2d 495 (5th Cir. 1980), state universities *Gay Student Services v. Texas A & M Univ.*, 612 F.2d 160, 163, cert. denied 101 S.Ct. 608 and school boards *Burns v. Rovaldi*, 477 F.Supp. 270, 272 (D.Conn.1979).