**Michael J. LAULETTA, Plaintiff,**

v.

**VALLEY BUICK, INC., a corporation, Defendant.**

**Civ. A. No. 75–1018.**

United States District Court,
W. D. Pennsylvania,
Civil Division.

Nov. 5, 1976.

Jack H. Kudzma, Kudzma & Green, Pittsburgh, Pa., for plaintiff.

James C. Tallant, Elizabeth Bailey, Pittsburgh, Pa., for defendant.

## MEMORANDUM AND ORDER

TEITELBAUM, District Judge.

This is an action brought by plaintiff under the Truth-in-Lending Act (15 U.S.C. § 1601 *et seq.*) to recover statutory damages, costs and reasonable attorney's fees for the defendant company's alleged violation of the Act and Federal Reserve Regulation Z, 12 C.F.R. § 226.1 *et seq.*

The case arises out of plaintiff's execution of a retail sales installment contract for the purpose of financing the purchase of a 1974 Buick automobile.

Plaintiff alleges, *inter alia*, that defendant, an automobile dealer, violated § 226.-6(d) of Regulation Z by failing to disclose General Motors Acceptance Corporation (GMAC) as a creditor under the installment sales contract. Defendant denies liability, contending that GMAC was merely an assignee of the contract and as such need not have been disclosed. Defendant also contends that, in any event, the identity of its "assignee" was well known to plaintiff.

Upon consideration of these contentions, and of the evidence presented in a non-jury proceeding, the Court, as required by F.R. Civ.P. 52(a), makes the following findings of fact and conclusions of law:

On August 14, 1974, plaintiff Michael Lauletta entered into an installment sales contract with defendant Valley Buick, Inc. —an automobile dealer selling automobiles to retail buyers in installment transactions—for the purchase of a 1974 Buick automobile for his personal use.

Prior to August 14, 1974, defendant made arrangements with GMAC for the extension of credit to plaintiff. Defendant obtained certain credit information from plaintiff, entered it on a customer's statement supplied by GMAC and telephoned this credit information to the office of GMAC. Thereafter, GMAC advised defendant that plaintiff's application for credit had been accepted.

In processing plaintiff's application for credit and in preparing documents for the installment transaction, defendant used other materials provided by GMAC. GMAC supplied the rate books defendant used to determine the finance charge and furnished the insurance application forms and the installment sales contract form. Further, defendant caused GMAC to be named as the first and only encumbrance holder on the certificate of title issued for the automobile.

The use of GMAC forms and the procedure for applying for consumer credit through GMAC was substantially the same in the transaction involving plaintiff as it was for those involving other customers of defendant who financed their automobile purchases through GMAC. A substantial number of defendant's automobile installment sales are financed through GMAC; the salesperson who handled the transaction involving plaintiff's purchase finances some 80–90 per cent of his credit customers' transactions through that corporation.

In the instant case, defendant's name appears on the retail installment contract as seller. GMAC is not identified as a creditor or otherwise on the face of the document.

The Truth-in-Lending Act provides that "[e]ach creditor shall disclose clearly and conspicuously . . . to each person to whom consumer credit is extended . . . the information required under this part." (15 U.S.C. § 1631(a)).

■ There can be scant doubt that in the context of the instant transaction defendant is a "creditor" subject to the Act's disclosure requirements. Here, defendant plainly provided consumer credit to plaintiff which was extended by another "person"—GMAC—under a business or other relationship; moreover, the evidence clearly indicates that defendant had knowledge of the credit terms in this transaction and participated extensively in the preparation of the contract documents required in connection with the extension of credit to plaintiff. Defendant was therefore an "ar-

ranger of credit" within the meaning of 12 C.F.R. § 226.2(h)(2), *Manning v. Princeton Consumer Discount Co.*, 533 F.2d 102 (3d Cir. 1976), and inasmuch as it acted as an arranger on this occasion in the regular and ordinary course of its business, was also a "creditor" under Regulation Z, 12 C.F.R. § 226.2(s).

Among the disclosures required of a Truth-in-Lending Act creditor is that set forth in 12 C.F.R. § 226.6(d) in part as follows: "If there is more than one creditor in a transaction, each creditor shall be clearly identified . . . If two or more creditors make a joint disclosure, each creditor shall be clearly identified. . . ." It thus would seem apparent that, given defendant's status as an arranger of credit and thus a creditor in this matter, it was obligated to disclose to plaintiff the identity of any other creditor in the transaction *sub judice*. The dispositive questions then are, first, whether GMAC was a creditor whose identify defendant was required to disclose to plaintiff under the Act, and, second, if so, whether that disclosure was made in the manner demanded by Regulation Z.

With regard to GMAC's status as a creditor in the instant transaction, it is noted that 12 C.F.R. § 226.2(s) defines a Truth-in-Lending Act "creditor" in pertinent part as one ". . . who in the ordinary course of business regularly extends . . . consumer credit, or offers to extend . . . such credit . . . ." While defendant submits that it alone extended credit to plaintiff in this case, that GMAC had no relationship with plaintiff until after the contract was assigned to GMAC and that GMAC was therefore no more than a subsequent assignee whose identity need not have appeared on the disclosure statement, it is in my view difficult to perceive how GMAC can be characterized as anything less than the actual extender of credit, and therefore a creditor, in this instance.

In this regard, it is significant that defendant's role in the instant credit transaction was that of an arranger rather than an extender of credit. The evidence shows that defendant used a GMAC-supplied form to obtain credit information from plaintiff; that defendant was required to obtain GMAC's approval of the extension of credit to plaintiff before closing the transaction; that defendant used GMAC-supplied rate books and insurance forms in processing plaintiff's credit application; and that defendant even used an installment sales contract form prepared and furnished by GMAC as the disclosure statement in this transaction. Moreover, GMAC's name, rather than defendant's, was entered as an encumbrance holder on the car title.

In short, defendant assumed in its dealings with plaintiff none of the risks and responsibilities normally associated with the extension of credit. Those risks and responsibilities were borne entirely by GMAC, and defendant merely arranged to sell the automobile for cash to be supplied by that corporation. In such circumstances, where GMAC actually provided the funds and carried the risk of the obligation, and where the parties—defendant and GMAC—dealt on a prearranged, systematic basis that enabled the latter to define its rights and responsibilities in advance and to preselect plaintiff as a customer to whom it would provide credit, GMAC cannot be characterized as a mere subsequent assignee, but must be deemed an extender of credit and hence a creditor under the Act. See *Meyers v. Clearview Dodge Sales, Inc.*, 539 F.2d 511 (5th Cir. 1976); *Joseph v. Norman's Health Club, Inc.*, 532 F.2d 86 (8th Cir. 1976).

Having determined that, in the context of the transaction now at issue, GMAC was a creditor whose identity defendant was obligated by Regulation Z to disclose to plaintiff, we turn to the second question posited above—that is, whether GMAC's identity was disclosed to plaintiff in a manner compliant with the requirements of the Truth-in-Lending Act. In this regard, 12 C.F.R. § 226.8(a) provides in pertinent part as follows:

". . . At the time disclosures are made, the creditor shall furnish the customer with a duplicate of the instrument or a statement by which the required disclosures are made and on which the

creditor is identified. . . . [A]ll of the disclosures *shall be made together* on either: (1) The note or other instrument evidencing the obligation on the same side of the page and above the place for the customer's signature; or (2) One side of a separate statement which identifies the transaction." (emphasis supplied)

█ It is of course clear that the sales contract itself served as the disclosure statement in this case, and that GMAC's name does not appear on that document with the other requisite disclosures made by defendant. Despite defendant's allegation that plaintiff—through discussions with defendant's salesperson and the appearance of GMAC's name on a separate order form— had actual knowledge of GMAC's role in the credit transaction, it is apparent that defendant's failure to identify GMAC as a creditor on the instrument operating as the disclosure statement amounted to a violation of Section 226.8 of Regulation Z.

█ The violation we have noted is admittedly technical and, if free to do so, the Court would be inclined as a matter of equity to view plaintiff's actual knowledge of GMAC's role in this matter as sufficient to shield defendant from liability. However, many of the requirements of the Truth-in-Lending Act are technical in nature, and the Court is not at liberty to deviate from them as it sees fit. Regulation Z unequivocally requires that necessary disclosures shall be written and made together on one document. The drafters of the legislation obviously felt that oral statements by creditors or piecemeal disclosures are not adequate to ensure the consumer's protection. Regardless of the wisdom or validity of that proposition, it is not this Court's prerogative to substitute its own view for that of Congress.

Accordingly, for the reasons stated above, I find that both defendant and GMAC were Truth-in-Lending Act "creditors" in the context of the instant consumer credit transaction, and that defendant violated Regulation Z by failing to disclose GMAC's identity as such on the installment sales contract executed by plaintiff.

A creditor who fails to comply with *any requirement* imposed by the Truth-in-Lending Act is liable in a sum equal to twice the amount of the finance charge imposed in connection with the transaction, except that liability shall not be less than $100 nor more than $1,000 (15 U.S.C. § 1640(a)(2)(A)).

Having found the existence of a disclosure violation herein, the Court need not and does not reach plaintiff's other contentions. Inasmuch as a sum equal to twice the finance charge involved in plaintiff's credit purchase exceeds the limitation set forth in 15 U.S.C. § 1640(a)(2)(A), judgment will be entered for plaintiff in the statutory amount of $1,000 plus costs. The question of plaintiff's entitlement to attorney's fees and the amount thereof will be determined in a later proceeding.

An appropriate Order shall issue.