442 F.Supp. 894 (1978)
Patric P. POIRRIER and Linda Poirrier, Plaintiffs,
v.
CHARLIE'S CHEVROLET, INC., Defendant.
No. 77-637C(3).
United States District Court, E. D. Missouri, E. D.
January 6, 1978.
*895 Kenneth M. Chackes, Chackes & Hoare, St. Louis, Mo., for plaintiffs.
C. William Portell, Jr., Kappel, Neill & Staed, St. Louis, Mo., James E. Hawk, Jr., Clayton, Mo. (co-counsel), for defendant.

MEMORANDUM
NANGLE, District Judge.
This matter is before the Court upon plaintiffs' motion for partial summary judgment. Plaintiffs brought this suit pursuant to the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq., alleging that defendant violated Regulation Z, 12 C.F.R. § 226.1 et seq. by failing to disclose a creditor. Defendant has not responded to the instant motion.
In answer to interrogatories, defendant has stated that
. . . [defendant], in May of 1977, in the ordinary course of its business regularly provides or offers to provide consumer credit which is or will be extended by another person or organization under a relationship pursuant to which defendant has knowledge of the credit terms and participates in the preparation of the documents required in connection with the extension of credit.
Defendant has also admitted that defendant and plaintiffs executed an installment sales contract on May 11, 1977; that at the time of the execution of the contract, defendant knew that it would be sold and/or assigned to General Motors Acceptance Corporation ["GMAC"]; that prior to executing the contract, defendant obtained information from plaintiffs concerning their employment and credit history and entered said information on a form supplied by GMAC; that prior to the execution of the contract, defendant conveyed the information obtained to GMAC and was informed by GMAC that plaintiffs' application was acceptable; that GMAC furnished defendant with installment sales contract forms such as that executed by plaintiffs herein; that defendant has an agreement with GMAC regarding financing of automobiles sold to defendant's customers; that defendant does substantial financing of its credit sales with GMAC; and that the installment contract herein was assigned and/or sold to GMAC on May 13, 1977. In deposition, Howard Miller, Finance Manager of defendant corporation, stated that GMAC has set a minimum interest rate which it considers acceptable, that it provides instructions as to time of payment and that financial information is entered on a form provided by GMAC. GMAC appears as the only lienholder on the Certificate of Title Application.
From these undisputed facts, the Court concludes that defendant is a creditor within the meaning of the Act. 15 U.S.C. § 1602(f); 12 C.F.R. § 226.2(s). GMAC was not identified as a creditor on the disclosure statement provided to plaintiffs, nor were plaintiffs informed that GMAC was a creditor. It is the failure to inform plaintiffs that GMAC was a creditor which forms the basis of plaintiffs' claim.
Title 12 C.F.R. § 226.6(d) provides in part:
If there is more than one creditor [or lessor] in a transaction, each creditor [or lessor] shall be clearly identified . . .
Therefore, the issue herein is whether GMAC is a creditor, thus requiring disclosure of its status.
In Lauletta v. Valley Buick, Inc., 421 F.Supp. 1036 (W.D.Pa.1976), the court noted that
[t]he evidence shows that defendant [car dealer] used a GMAC-supplied form to obtain credit information from plaintiff; that defendant was required to obtain GMAC's approval of the extension of credit to plaintiff before closing the transaction; that defendant used GMAC-supplied rate books and insurance forms in processing plaintiff's credit application; and that defendant even used an *896 installment sales contract form prepared and furnished by GMAC as the disclosure statement in this transaction. Moreover, GMAC's name, rather than defendant's, was entered as an encumbrance holder on the car title. Id. at 1039.
The court concluded that
[i]n such circumstances, where GMAC actually provided the funds and carried the risk of the obligation, and where the parties  defendant and GMAC  dealt on a prearranged, systematic basis that enabled the latter to define its rights and responsibilities in advance and to preselect plaintiff as a customer to whom it would provide credit, GMAC cannot be characterized as a mere subsequent assignee, but must be deemed an extender of credit and hence a creditor under the Act. Id.

In the present context, the undisputed facts establish that GMAC was a creditor. Here too, defendant used GMAC forms to obtain financial information. Defendant sought GMAC's approval before closing the transaction with plaintiffs. GMAC provided instructions with reference to interest rates and time payments. The installment contract form was supplied by GMAC and GMAC was listed as the only lienholder on the title application. Thus, the Court concludes that GMAC is a creditor and that defendant was required to disclose that fact to plaintiffs. Lauletta, supra; 12 C.F.R. § 226.6(d).
Title 15 U.S.C. § 1640 imposes civil liability upon any creditor failing to disclose any information which is required to be disclosed. Subsection (b) provides:
A creditor has no liability under this section if within fifteen days after discovering an error, and prior to the institution of an action under this section or the receipt of written notice of the error, the creditor notifies the person concerned of the error and makes whatever adjustments in the appropriate account are necessary to insure that the person will not be required to pay a finance charge in excess of the amount or percentage rate actually disclosed.
Defendant has not responded to this motion but has raised this section as a defense in its pleadings because plaintiffs rescinded the contract herein less than fifteen days after its execution. The record does not indicate the basis for the rescission. Nevertheless, the Court concludes that this section does not provide a defense to defendant's liability. Plaintiffs are not precluded from seeking damages for the statutory violation because the contract has been rescinded. Sellers v. Wollman, 510 F.2d 119 (5th Cir. 1975); Eby v. Reb Realty, Inc., 495 F.2d 646 (9th Cir. 1974). There is no indication that defendant ever gave written notice to plaintiffs of the fact that GMAC was a creditor, either before or after rescission. While the failure to disclose a creditor may seem to be a technical violation in light of the rescission of the installment contract,
. . . many of the requirements of the Truth-in-Lending Act are technical in nature, and the Court is not at liberty to deviate from them as it sees fit. Lauletta, supra at 1040.
Accordingly, the Court concludes that defendant violated Regulation Z, 12 C.F.R. § 226.6(d) by failing to disclose that GMAC was a creditor.
Title 15 U.S.C. § 1640 imposes liability of twice the amount of the finance charge, with a minimum of $100.00 and a maximum of $1,000.00, for violations of the disclosure provisions. The finance charge herein was $509.24. Since twice that amount exceeds the statutory maximum, plaintiffs are entitled to judgment in the amount of $1,000.00. Section 1640 also provides for an award of attorney's fees and costs. The Court will set this matter for a hearing at which the parties shall adduce evidence with reference to attorney's fees.