Hilda J. DRYDEN, Plaintiff,

v.

LOU BUDKE'S ARROW FINANCE COMPANY, Defendant.

No. 79–94C(B).

United States District Court, E. D. Missouri, E. D.

Dec. 3, 1980.

Toby Hollander, St. Louis, Mo., for plaintiff.

Phillip B. Sachs, Sachs & Miller, Clayton, Mo., for defendant.

## MEMORANDUM & ORDER

REGAN, Senior District Judge.

This action was brought under the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., to recover statutory damages and attorney fees for the alleged failure of defendant to comply with the disclosure provisions of the Act and Regulation Z promulgated thereunder by the Federal Reserve Board.

Heretofore, without ruling on the alleged violations, we held, in effect, that the transaction between the parties did not come within the purview of the TILA, and that plaintiff was not entitled to recover. The Court of Appeals for the Eighth Circuit reversed, holding that the January 26 transaction whereby plaintiff added her signature to the Foster-Mitchell note constituted an assumption by Dryden and an acceptance by Budke's of Dryden as an obligor

under the existing Foster-Mitchell obligation within the meaning of 12 C.F.R. § 226.8(k), with the result that said transaction "was an extension of consumer credit to which the disclosure requirements of the TILA and Regulation Z applies." On that premise the Court concluded that "(i)f Dryden proved that the disclosure provisions of the Act and Regulation Z were violated in connection with the January 26 transaction, Budke's is liable for statutory damages." The case was remanded "for findings on the alleged violations of the TILA and Regulation Z and entry of judgment accordingly." *Dryden v. Lou Budke's Arrow Finance Company*, 630 F.2d 641 (8 Cir. 1980).

Subsequent to the remand and without waiting for our findings, each party filed a motion for summary judgment based on the existing record. The parties have stipulated that for purposes of the TILA, the existing Security Agreement-Retail Installment Contract which plaintiff assumed was intended by defendant to constitute the required disclosures. The issue, then, is whether thereby Budke's made the disclosures required by 12 C.F.R. § 226.807 to be made to a subsequent customer who has been accepted as an obligor under an existing obligation.

12 C.F.R. § 226.807(b)(1) sets forth what disclosures must be made where (as in this case) the finance charge is an add-on finance charge. The first such item to be disclosed is "(t)he unpaid balance of the obligation assumed." Because of the unorthodox manner in which the transaction was handled, the parties are in disagreement as to the amount of the "unpaid" balance which plaintiff assumed. If, as the disclosure document reflected, the "unpaid balance" included the amount of the two installments which plaintiff paid on January 25, the disclosure was proper. On the other hand, if the "unpaid" balance was the amount remaining after plaintiff paid the aggregate amount of the two installments, then the "disclosure" did not technically or legally conform to the requirements of the regulation, even though plaintiff was fully aware of the facts.

There can be no doubt whatever that both parties intended (and plaintiff has never denied) that plaintiff was to assume the *entire* Foster-Mitchell obligation which, of course, included the amount of the January 1 and February 1 installments. It is also undisputed that had the note been available on January 25 for plaintiff's signature, the written "assumption" would have been made on that date, immediately following which plaintiff would have paid the two installments which to her knowledge were part of the 100% unpaid balance.

Of importance is the fact that as of January 25 when plaintiff made the payment, there was no customer-creditor relationship between the parties, and obviously plaintiff had no intention of paying any part of the Foster-Mitchell obligation as a good Samaritan. Whatever may have been its superficial appearance, the legal effect of what plaintiff did on January 25 was simply to deposit with defendant the amount of the two installments to be held by defendant pending the assumption by plaintiff of the entire obligation. Had that "assumption" not taken place, defendant would have had no right to retain plaintiff's payment. Once the "assumption" was completed plaintiff would *then* be entitled to credit for the amount she had theretofore deposited.

■ 12 C.F.R. § 226.807(b) mandates that the disclosures be made *before* the subsequent customer *became obligated* under an existing obligation. It follows that the disclosure of the "unpaid" balance as it legally existed immediately *prior* to the assumption was adequate.

■ The second item required to be disclosed is "(t)he total amount of the charges imposed by the creditor, individually itemized in connection with the assumption." There is no evidence (and no claim) that defendant imposed *any* charges whatever upon plaintiff "in connection with the assumption." In our judgment, this requirement is applicable only if the creditor imposes charges additional to those in the existing obligation which the customer has assumed. The original charges were fully disclosed.

■ The third required disclosure is "(t)he number, amount and due dates of remaining payments to be made after the assumption [and] the total of such payments." The disclosure documents set forth the number of payments (36) and the amount and due dates of each, as well as the total thereof. It is, of course, true that included in these figures are the two installments which plaintiff had "paid" on January 25. However, in the context of the facts of this case, and for the reasons stated supra, we construe the term "remaining payments to be made after the assumption" as referring to all payments which had not theretofore been made by or on behalf of the original obligors or which were to be made only by virtue of the assumption. Defendant's disclosure conformed to the requirements of the regulation.

Plaintiff argues that defendant's "disclosure" (or non-disclosure) relating to credit insurance was violative of 12 C.F.R. § 226.-807(b)(1)(v) and 12 C.F.R. § 226.4(a)(5). This contention is not developed other than by the statement that "(t)he Contract discloses that Plaintiff was paying for credit life, health and accident insurance for Romelia Mitchell, when in fact, it was cancelled." We do not agree.

■ "(A)n assumption occurs *only* when by written agreement entered into between a subsequent customer and the creditor, that subsequent customer is or will be accepted by that creditor as an obligor on *an existing evidence of debt.*" 12 C.F.R. § 226.807(b). The only existing evidence of debt was the one which included the amount of Mitchell's credit insurance which admittedly was disclosed, and it was *that* existing evidence of debt which plaintiff assumed. Immediately prior, as well as immediately subsequent, to the assumption of the obligation the credit insurance for Ms. Mitchell was *still* part of the obligation.

■ It is, of course, true that we have found (on the basis of defendant's evidence) that defendant's agent represented that it would cancel the Mitchell credit insurance (although the testimony does not definitively disclose whether this representation preceded or followed plaintiff's signing the note). However, if, as its agent testified (mistakenly, defendant now contends), the credit insurance was actually cancelled later that day, such fact would not render erroneous the earlier disclosure as to the *then* existence of the credit insurance. This for the obvious reason that such cancellation did not occur until *after* plaintiff had legally assumed the existing obligation therefor. And if the transaction had not been rescinded ab initio and defendant had failed or refused to cancel the credit insurance pursuant to its representation, plaintiff would conceivably have had a remedy, but that remedy would not be the present action under the TILA.

■ Finally, plaintiff urges that defendant violated the TILA in that she admittedly was not given a copy of the written contract. We find no provision in the Act or the regulations which requires that a subsequent customer who is accepted as an obligor on an existing obligation shall be furnished a duplicate of the instrument. In that situation, (as distinguished from the original transaction, 12 C.F.R. § 226.8(a)), 12 C.F.R. § 226.8(k) (read with C.F.R. § 226.807) mandates only that the required *disclosures* be made. There is no contention that a duplicate of the instrument had not been furnished to the original obligors. Plaintiff became a *co-obligor* on the existing Foster-Mitchell obligation. 15 U.S.C. § 1631(b) expressly provides that "(i)f there is more than one obligor, a creditor need not furnish a statement of information required under this part to more than one of them." No doubt for that reason, the regulation did not provide for furnishing a statement of information to the *additional* obligor.

It follows that plaintiff is not entitled to recover. The foregoing MEMORANDUM constitutes our findings of fact and conclusions of law. It is hereby ordered that plaintiff's motion for summary judgment be denied and that defendant's motion for summary judgment be sustained. Judgment for defendant will be entered.