Hilda J. DRYDEN, Appellant,

v.

**LOU BUDKE'S ARROW FINANCE COMPANY, Appellee.**

No. 80–2201.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 14, 1981.

Decided Oct. 21, 1981.

Toby H. Hollander, St. Louis, Mo., for appellant Hilda Dryden.

Phillip B. Sachs, argued, Sachs & Miller, P. C., St. Louis, Mo., for appellee.

Before HENLEY and ARNOLD, Circuit Judges, and BECKER,* Senior District Judge.

PER CURIAM.

This action was brought under the Truth in Lending Act (TILA or the Act), 15 U.S.C. § 1601 *et seq.*, to recover statutory damages for the alleged failure of Lou Budke's Arrow Finance Company (Budke's) to comply with the disclosure provisions of the Act and Federal Reserve Board Regulation Z.

We have considered this case on a previous appeal, when appellant appealed the district court's ruling that the Act did not apply to the transaction at issue. *Dryden v. Lou Budke's Arrow Finance Co.*, 630 F.2d 641 (8th Cir. 1980). We concluded that the underlying transaction constituted an assumption of indebtedness and an extension of consumer credit to which the disclosure provisions of the Act apply. The case was remanded for findings as to whether Budke's complied with applicable disclosure requirements.

On remand the district court on cross motions for summary judgment concluded that Budke's disclosures were accurate and that they satisfied the requirements of the Act. *Dryden v. Lou Budke's Arrow Finance Co.*, 503 F.Supp. 164 (E.D.Mo.1980). On appeal, we affirm the finding that Budke's disclosures were accurate, but reverse as to Budke's satisfaction of the prescribed manner of disclosure.

We forego a detailed reiteration of the tangled facts, which are amply set forth in our earlier opinion. *Dryden v. Lou Budke's Arrow Finance Co., supra*, 630 F.2d 641. Essentially, appellant Dryden was persuaded by a friend to "take over" a car which had been purchased by one Nathaniel Foster and which had become part of Foster's estate on his death. Foster had purchased the car on credit from Budke's approximately one month before his death. A friend of Foster's, Romelia Mitchell, had co-signed with him on the retail installment contract, security agreement, and note.

Appellant and the administratrix of Foster's estate went to Budke's to arrange the proposed transaction. On their initial visit, the agent of Budke's crossed Foster's name out of the monthly payment book and wrote in Dryden's. Dryden paid a delinquent installment payment and also an installment which would be due in a few days.

One day later, the parties returned to Budke's to complete the transaction. Budke's agent presented appellant with the retail installment contract, security agreement, and note signed by Foster and discussed these documents with her. Dryden then added her signature to the note.

We previously concluded that these events constituted an assumption by Dryden of the Mitchell-Foster existing obligation within the meaning of 12 C.F.R. § 226.8(k).[1] The narrow issue now before us is whether in this assumption Budke's complied with 12 C.F.R. §§ 226.8(a) and 226.807,[2] the regulations pertaining to disclosure in the instance of an assumption.

---

* The Honorable William H. Becker, United States Senior District Judge, Western District of Missouri, sitting by designation.

1. 12 C.F.R. § 226.8(k) (1981) provides in pertinent part:

   Any creditor who accepts a subsequent customer as an obligor under an existing obligation shall make the disclosures required by this part to that customer before he becomes so obligated.

2. 12 C.F.R. § 226.8(a) (1981) states the general rule that creditors extending credit other than open end credit shall make the disclosures required by this section. Subsection (a) further requires that the creditor provide a copy of the disclosure instrument, as follows:

At the time disclosures are made, the creditor shall furnish the customer with a duplicate of the instrument or a statement by which the required disclosures are made and on which the creditor is identified.

We conclude, *infra*, that this general rule applies in the instance of an assumption made under 12 C.F.R. § 226.8(k).

12 C.F.R. § 226.807(b)(1) (1981) enumerates seven items required to be disclosed under § 226.8(k) if the finance charge is an add-on finance charge:

(1) If the finance charge originally imposed on the existing evidence of debt was an add-on or discount type finance charge, the creditor need only disclose:

Appellant first contends that the district court erred in holding that the finance company was not required to furnish her with a duplicate copy of the instrument by which the required disclosures were made. Appellant's second contention is that even if a copy was not required, the disclosures made by Budke's were inaccurate.

The district court dismissed appellant's first contention by reasoning that the obligation to provide a copy of disclosure documents under 12 C.F.R. § 226.8(a) is limited by 15 U.S.C. § 1631(b).[3] This section allows the creditor to provide a copy to only one obligor where several customers are involved in a single transaction. We conclude, however, that the "multiple customer" exception does not apply here.

The transaction at issue here is not the original transaction between the finance company and Foster-Mitchell as joint customers. Rather, the relevant transaction is the assumption of obligation by appellant, in which Dryden was the only customer. While it is true that Foster and Mitchell remained co-obligors, they were not involved in Dryden's assumption and were not "multiple customers" within the meaning of 15 U.S.C. § 1631(b). The legislative history of § 1631(b) suggests that this section is addressed to situations in which two or more customers, such as husband and wife, become co-obligors *contemporaneously*. H.R.Rep.No.1040, 90th Cong., 1st Sess. (1967), *reprinted in* [1968] U.S.Code Cong. & Admin.News 1962, 1984. *See also Allen v. Beneficial Finance Co.*, 531 F.2d 797, 806 (7th Cir.), *cert. denied*, 429 U.S. 885, 97 S.Ct.

237, 50 L.Ed.2d 166 (1976). In such circumstances, it is reasonable to assume that each of the multiple customers will have ready access to a copy of the disclosure documents. By contrast, a *subsequent* assuming party will not necessarily have access to the documents provided to the original obligors. The need for separate disclosure to the assuming party is readily apparent.

Moreover, if the multiple customer exception were held to govern disclosure requirements in an assumption situation, this would render superfluous the disclosure regulations pertaining to assumptions. Disclosure by means of a copy to the original obligors would be sufficient. We reject an interpretation of the Act which renders a part of Regulation Z superfluous, particularly in view of appellee's concession on oral argument that the regulations here at issue are valid.

In sum, we hold that the multiple customer exception set forth in 15 U.S.C. § 1631(b) does not control or limit the disclosures which must be made to assuming parties. We do not accept the ruling of the district court that Budke's committed no violation of the Act in failing to provide Dryden with a copy of disclosure documents. The Act's purpose of fair and full disclosure requires adherence to the manner of disclosure set forth in 12 C.F.R. § 226.-8(a), including the provision of a copy of disclosure documents to the assuming obligor.

(i) The unpaid balance of the obligation assumed;
(ii) The total amount of the charges imposed by the creditor, individually itemized, in connection with the assumption;
(iii) The number, amount, and due dates of remaining payments to be made after assumption, the total of such payments, and any other applicable information required under § 226.8(b)(3);
(iv) Identification of the type of security interest, if any, retained or to be required in any property of the assuming customer and a brief identification of that property;
(v) The information required to be disclosed under § 226.8(b)(4), (6), and (7);

(vi) If applicable in connection with the assumption, the disclosures required under § 226.4(a)(5) and (6); and
(vii) If that obligation was entered into on or after July 1, 1969, the annual percentage rate originally disclosed on the existing obligation.

**3.** 15 U.S.C. § 1631(b) (1976) provides in pertinent part:

If there is more than one obligor, a creditor need not furnish a statement of information required under this part or part D of this subchapter to more than one of them.

*See also* 12 C.F.R. §§ 226.6(e), 226.603 (1981) (requiring that the creditor provide a copy to only one of multiple customers, so long as the person chosen is primarily liable).

█ All disclosures required by the Truth-In-Lending Act and Regulation Z, 12 C.F.R. Part 226, must be in writing. Paragraph (a) of 12 C.F.R. § 226.6, General Disclosure Requirements; *Gennuso v. Commercial Bank & Trust Co.,* 566 F.2d 437, n.12 at 441 and n.23 at 443 (3rd Cir. 1977); 1 Clontz, *Truth-In-Lending Manual,* 1981 Cumulative Supplement (Cum.Supp.) ¶ 2.06[1], at page 2–40; Feldman, *A Review of the Provisions of Federal Statutes and Implementing Regulations in the Field of Consumer Credit,* 3 Okla. City U. Law Review 477, at 483–85 (1979).

In *Gennuso v. Commercial Bank & Trust Co., supra,* 566 F.2d at 441 and 443 in nn.12 & 23, the court approves the concise statements of the rule that the necessary disclosures shall be in writing in one document and that a court is not at liberty to deviate from the rule as it sees fit, citing *Lauletta v. Valley Buick, Inc.,* 421 F.Supp. 1036 (W.D.Pa.1976). The court quoted with approval at page 443 in n.23 a portion of the opinion in the *Lauletta* case, *supra,* that " ... many of the requirements of the Truth-In-Lending Act are technical in nature, and the Court is not at liberty to deviate from them as it sees fit. Regulation Z unequivocally requires that necessary disclosure shall be written and made together on one document. The drafters of the legislation obviously felt that oral statements by creditors or piecemeal disclosures are not adequate to ensure the consumer's protection. Regardless of the wisdom or validity of that proposition, it is not this Court's prerogative to substitute its own view for that of Congress."

█ In *Whitlock v. Midwest Acceptance Corp.,* 575 F.2d 652 (8th Cir. 1978), relying on the rules announced by *Lauletta v. Valley Buick, Inc., supra,* quoted above, this circuit rendered judgment on the merits for failure to disclose in writing that the seller of an automobile was a creditor because it was an "arranger of credit" under the Truth-In-Lending Act and Regulation Z.

Therefore, this court follows the general rule that required disclosures must be in writing, and a failure to make any required disclosure in writing requires imposition of liability under the Truth-In-Lending Act.

In this case § 226.8(k) of Regulation Z requires that a creditor who accepts a subsequent customer as an obligor under an existing obligation shall make the disclosures required by Part 226, Regulation Z, to that customer before he becomes so obligated.

Budke's failed to make the required disclosures in writing, and in fact has never done so.

Of the disclosures required by the regulation [4] the appellee failed to state in writing the disclosures required by paragraph (i) of § 226.807, the unpaid balance; by paragraph (iii), the number, amount and due dates of the remaining payments to be made after assumption; by paragraph (iv), identification of the type of security interest retained in the automobile acquired or to be acquired by the assuming party; and by paragraph (vi), the charges or premiums for credit life, health and accident insurance written in connection with the original transaction.

█ Under the authorities cited above, this court does not have the power to excuse the failures of disclosure as technical or possibly orally made.

Although Budke's failure to provide Dryden with written disclosure documents establishes liability under the Act, we consider briefly appellant's second contention that the district court erred in finding Budke's disclosures to be accurate.

Budke's disclosures were made on January 26, 1978, when Budke's agent showed Dryden the original retail installment contract, security agreement and note. As stated, Dryden had paid an overdue payment and also the payment which would fall due on February 1, 1978. Appellant

---

**4.** *See* n.2 *supra* for list of required disclosures.

contends with some reason that the original disclosure documents did not accurately state the unpaid balance assumed or the number of remaining payments, insofar as her two payments had critically changed the number of remaining payments and the amount of the unpaid balance. Thus, appellant attacks the district court's reasoning that accurate disclosures could be made by disclosing the state of the account as it existed prior to Dryden's payments and prior to her assumption. *Dryden v. Lou Budke's Arrow Finance Co., supra,* 503 F.Supp. at 166–67.

However, Budke's agent orally explained the effect of Dryden's payments before she signed the note.[5] Appellant admits that an adjustment to be made for insurance cancellation was orally explained. She alleges no defect in this oral disclosure.

■ In the face of these facts, we affirm the district court's ruling that the disclosures made to Dryden were accurate, although we reach this conclusion by a somewhat different route. In essence, the district court reasoned that the original disclosure documents accurately informed Dryden of the state of the account, *Dryden v. Lou Budke's Arrow Finance Co., supra,* 503 F.Supp. at 166–67, while we conclude that accurate disclosures were made orally[6] without reaching the question whether the original documents standing alone were sufficient.

Appellant does not allege actual damages. In circumstances where the finance company's violation consisted not of inaccurate disclosures but of mere failure to provide a disclosure copy, we understand very well the district court's reluctance to award appellant the apparent windfall of statutory damages and attorney's fees.

■ Nevertheless, although we may disagree with Congress's wisdom in providing for statutory damages in an instance such as this, we are bound to recognize the remedial purpose of the Act. *Griffith v. Superior Ford,* 577 F.2d 455, 457 (8th Cir. 1978). TILA plaintiffs who are otherwise entitled to recover need not show that they sustained actual damages stemming from the TILA violations before they may recover the statutory damages provided. *Dryden v. Lou Budke's Arrow Finance Co., supra,* 630 F.2d at 647; *Williams v. Public Finance Corp.,* 598 F.2d 349, 356 (5th Cir. 1979), *reh. denied,* 609 F.2d 1179, 1181–85 (1980). We reluctantly conclude that the case must be reversed for failure to make the required disclosures in writing and remanded to the district court for the award of statutory damages and for a determination of costs and reasonable attorney's fees.[7]

---

5. In direct examination, Budke's secretary testified that she "discussed[ed] with [Dryden] ... what her payments were and what they consisted of."

6. The finding of accurate oral disclosures does not lessen Budke's liability for its failure to reduce these disclosures to writing so as to provide Dryden with a written copy as required by 12 C.F.R. § 226.8(a).

7. The award of damages is governed by 15 U.S.C. § 1640(a)(2)(A)(i) (1976) which provides for statutory damages in the amount of twice the finance charge, with liability of not less than $100 and not more than $1,000.

The determination of reasonable attorney's fees for the work of counsel in the district court is left to that court's discretion, 15 U.S.C. § 1640(a)(3) (1976).

Within fifteen days of the issuance of this court's mandate, counsel for appellant is requested to submit to this court a request for attorney's fees for services performed on the two appeals of this case. Appellee is granted the right to reply within ten days of the filing of counsel's request.