# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT
_____

No. 06-2408
_____

Tommy Joe Stutzka, Guardian and     *
Conservator for Carol A. Gibilisco,     *
    *
       Plaintiff/Appellant,     *
    *
      v.     *
    *
James P. McCarville, as Conservator     *
and Guardian of Cheryl A. Nord-     *
McCarville; James Walters, doing     *
business as Prestige Mortgage,     *   Appeal from the United States
    *   District Court for the
       Defendants,     *   District of Nebraska.
    *
Popular Financial Services, L.L.C.,     *    [UNPUBLISHED]
a Delaware limited liability company,     *
    *
       Defendant/Appellee.     *
_____     *
    *
Popular Financial Services, L.L.C.,     *
a Delaware limited liability company,     *
    *
       Third Party Plaintiff,     *
    *
      v.     *
    *
Lunnar Title & Escrow, doing business     *
as LTS Title Services Co., a Nebraska     *
corporation,     *
    *
       Third Party Defendant.     *

_____

Submitted: January 10, 2007
Filed: July 16, 2007

_____

Before WOLLMAN, BEAM, and MELLOY, Circuit Judges.

_____

PER CURIAM.

This case is before us a second time. In Stutzka v. McCarville, 420 F.3d 757 (8th Cir. 2005) (Stutzka I), we dealt with the district court's rulings in Stutzka's action for relief from the consequences of certain financial transactions entered into by his ward, Carol A. Gibilisco (we refer the reader to our opinion in that case for the factual background of those transactions and the parties thereto).

We affirmed the district court's rulings granting equitable relief on a portion of Stutzka's claims. We reversed the district court's grant of adverse summary judgment on Stutzka's claims for relief under the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., and remanded the case to the district court for further proceedings with respect to those claims.

On remand, the district court[1] found that appellee Popular Financial Service, L.L.C. (Popular) had complied with TILA's requirement that certain material disclosure documents be delivered to Gibilisco and that her copies of those documents were retained by James P. McCarville, one of the defendants in Stutzka I.

The district court also found that Popular had committed a technical violation of TILA by failing to make a proper disclosure about the variable interest being

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

-2-

charged on the loan.  See 12 C.F.R. § 226.17-19.  See also Sentinel Fed. Sav. & Loan Ass'n v. Office of Thrift Super., 946 F.2d 85, 87-88 (8th Cir. 1991).  The district court found that Stutzka had failed to establish that Gibilisco would have changed her behavior had she been informed of and understood the consequences of the variable interest rate and therefore concluded that she was not entitled to actual damages as a result of Popular's failure to disclose.  See Peters v. Jim Lupient Oldsmobile Co., 220 F.3d 915, 917 (8th Cir. 2000).  Instead, the district court awarded statutory damages in the amount of $200.  See 15 U.S.C. § 1640(a)(2)(A)(iii).

After entering the above-described rulings, the district court took up Stutzka's application for attorney fees, which sought an award in the amount of $103,274.45. The district court found that most of the time shown in the application was unrelated to the TILA claims and instead had been spent on other aspects of the underlying action, including, among other things, Stutzka's application for appointment as Gibilisco's conservator.  Accordingly, the district court based its award on only that time spent by counsel on the TILA claims.  Finding that those claims were not complex in nature, the district court awarded $3,000 in fees.

Stutzka appeals from the district court's rejection of a portion of his TILA violation claims, as well as from the fee award.

With respect to the TILA claims issue, we find no error in the district court's finding that Popular had in fact delivered the required documents to Gibilisco and that they were retained by James P. McCarville.  We reject Stutzka's contention that the district court had found to the contrary in Stutzka I and that our opinion in that case affirmed that finding, precluding a contrary finding on remand.  We remanded the case with directions that the district court consider Gibilisco's affidavit that she had never received any papers or documents regarding the loan, as well as Stutzka's affidavit to the effect that he was unaware of the existence of any documents at the time the loan was closed.  On remand, the district court considered those affidavits,

-3-

as well as the affidavit of the closing agent, and entered the finding described earlier, which we cannot say is clearly erroneous.

Likewise, we find no error in the district court's finding that Gibilisco would not have changed her behavior had she been informed of and understood the consequences of the variable interest rate. Accordingly, we affirm the district court's rulings on the TILA claims.

Turning to the appeal from the award of attorney fees, an award of fees is mandatory once a TILA violation has been established, with the amount of the fees being committed to the district court's discretion. 15 U.S.C. § 1640(a)(3); Dryden v. Lou Budke's Arrow Finance Co., 661 F.2d 1186, 1191 n.7 (8th Cir. 1981).

We conclude that the district court did not abuse its discretion in limiting the award as it did. The district court properly took into account the limited nature of the relief obtained on the TILA claims and the relative lack of complexity of those claims. Although we might have been inclined to make a more generous award had the decision been ours to make, it was not, and we cannot say that the award was so limited as to constitute an abuse of the district court's discretion.

This is not to say that counsel did not represent his client in a most vigorous, conscientious manner, or that he did not obtain significant equitable relief on a portion of the claims he raised. The fee award could be granted only on the TILA violation claims, however, and as the district court found, the relief granted thereon was limited in nature. As sometimes happens, the parties responsible for the great bulk of the financial losses in this case are by all accounts judgment proof, a consequence from which we have no power to grant relief.

The judgment and order are affirmed.

_____